# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH, ) <br> ) <br>         Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JAMES C. DELEON GUERRERO, in his ) <br> official capacity as Commissioner of the ) <br> Department of Public Safety of the ) <br> Commonwealth of Northern Marianas ) <br> Islands, ) <br> ) <br>         Defendant. ) | Case No. 1:14-CV-20 <br><br><br> Hearing: March 12, 2015, 8:30AM |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

NOW COME the Plaintiffs, David J. Radich and Li-Rong Radich, by and through undersigned counsel, and submit their Memorandum in Support of their F.R.Civ.P. 56(a) Motion for Summary Judgment.

Dated: January 10, 2015           Respectfully submitted,


                                By:     /s/ David G. Sigale
                                          One of the Attorneys for Plaintiffs

| Lead Counsel | Local Civil Rule 83.5(f) Counsel |
|---|---|
| David G. Sigale, Esq. (#6238103 (IL)) | Daniel T. Guidotti, Esq. (#F0473 (CNMI)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Marianas Pacific Law LLC |
| 799 Roosevelt Road, Suite 207 | 2nd Floor, J.E. Tenorio Building |
| Glen Ellyn, IL 60137 | Middle Road, Gualo Rai |
| Tel: 630.452.4547 | P.O. Box 506057 |
| Fax: 630.596.4445 | Saipan, MP 96950 |
| dsigale@sigalelaw.com | Tel: +1.670.233.0777 |
| Admitted *Pro hac vice* | Fax: +1.670.233.0776 |
| | dan.guidotti@mpaclaw.com |

*Attorneys for Plaintiffs*

TABLE OF CONTENTS

Table of Authorities ................................................................................ ii

Introduction ........................................................................................... 1

Procedural Background ......................................................................... 1

Summary of Argument .......................................................................... 2

Summary Judgment Standard ................................................................ 3

Argument ............................................................................................... 4

    I.    THE SECOND AMENDMENT MUST BE ENFORCED IN THE CNMI ............................................................................... 4

    II.   DEFENDANT IS VIOLATING PLAINTIFFS' SECOND AMENDMENT RIGHTS BY PROHIBITING HANDGUN POSSESSION IN THE CNMI ...................................................... 5

    III.  DEFENDANT IS VIOLATING PLAINTIFFS' SECOND AMENDMENT RIGHTS BY EXCLUDING SELF-DEFENSE AS A PERMISSIBLE REASON FOR POSSESSING A FIREARM OR OBTAINING A WIC ............................................................... 7

Conclusion ............................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................ 3

*District of Columbia v. Heller*,
 554 U.S. 570 (2008) ............................................................... *passim*

*Elrod v. Burns*,
 427 U.S. 347 (1976) ............................................................................ 2

*Estate of Tucker v. Interscope Records*,
 515 F.3d 1019 (9th Cir. 2008) ........................................................... 3

*Ezell v. City of Chicago*,
 651 F.3d 684 (7th Cir. 2011) ............................................................. 2

*Fairbank v. Wunderman Cato Johnson*,
 212 F.3d 528 (9th Cir. 2000) ............................................................. 3

*In Re "C.T.M.," A Minor Child*,
 1 N.M.I. 410 (1990) ............................................................................ 5

*Klein v. City of San Clemente*,
 584 F.3d 1196 (9th Cir. 2009) ........................................................... 2

*McDonald v. City of Chicago*,
 130 S.Ct. 3010 (2010) ............................................................. *passim*

*Moore v. Madigan*,
 702 F.3d 933 (7th Cir. 2012) ........................................................... 10

*Morris v. U.S. Army Corps of Engineers*,
 2014 U.S. Dist. LEXIS 147541 (D.Idaho, 2014) ............................... 9

*Peruta v. County of San Diego*,
 742 F.3d 1144 (9th Cir. 2014) .................................................. *passim*

*S.A. Empresa v. Walter Kidde & Co.*,
    690 F.2d 1235 (9th Cir. 1982) ............................................................................. 3

*Sablan v. Tenorio*,
    4 N.M.I. 351, 358 (1996) ...................................................................................... 4

*Silvester v. Harris*,
    2013 U.S. Dist. LEXIS 172946 (E.D.CA 2013) ........................................ 8, 9

**Constitutional Provisions**

*Covenant to Establish a Commonwealth of the Northern Marianas Islands in Political Union with the United States of America*, § 501(a) .............................. 4, 5

U.S. Const. Amend. II ................................................................................ *passim*

**Statutes, Rules and Ordinances**

6 CMC § 102(b) .............................................................................................. 7

6 CMC § 2202 ................................................................................................. 5

6 CMC § 2204 ................................................................................................. 7

6 CMC § 2206 ............................................................................................ 7, 10

6 CMC § 2222(e) .......................................................................................... 5, 6

6 CMC § 2230(a) ............................................................................................. 7

6 CMC § 2230(b) ............................................................................................. 5

**Other Authorities**

St. George Tucker, *Blackstone's Commentaries: With Notes of Reference to the Constitution and Laws of the Federal Government of the United States; and of the Commonwealth of Virginia* 289 (1803) .............................................. 8

Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda*,
    56 UCLA L. Rev. 1443 (2009) ............................................................10

**INTRODUCTION**

The Defendant's ban on handgun possession in the CNMI, and the ban on possessing firearms for self-defense in the CNMI, flatly violates the Plaintiffs' rights to keep and bear a constitutionally protected weapon for the purpose of exercising the core right of the Second Amendment; namely, the right to the defense of one's family and self. Every day these unconstitutional laws are in force, they irreparably harm not only the Plaintiffs but also the public at large, who are at risk of finding themselves unable to defend themselves at a crucial moment, such as happened to Plaintiff Li-Rong Radich. Besides being unconstitutional under any form of heightened scrutiny, the Defendant has no valid interest in denying the fundamental rights of handgun possession and self-defense to law-abiding CNMI residents.

Therefore, under the Second Amendment to the United States Constitution, *District of Columbia v. Heller*, 554 U.S. 570 (2008), and *Peruta v. County of San Diego*, 742 F.3d 1144 (9th Cir. 2014), there is no genuine issue of material fact in this matter, and Summary Judgment in Plaintiffs' favor is proper.

**PROCEDURAL BACKGROUND**

Plaintiffs filed their three-Count Complaint on September 5, 2014. Count I alleges that the Defendant's ban on handgun possession in the CNMI violates the Plaintiffs' Second Amendment rights. Count II alleges that Defendant's prohibition on CNMI residents from obtaining a WIC and firearm for self-defense purposes

1

violates the Plaintiffs' Second Amendment rights. Count III alleges that Plaintiff David Radich's inability to obtain a WIC also prohibits him from obtaining a Federal Firearms License, which violates his and other CNMI residents' Second Amendment rights.

Defendant filed an Answer on October 15, 2014.

## SUMMARY OF ARGUMENT

The Defendants' ban on both handguns, and on the possession of a WIC and firearm for self-defense purposes transcends levels of scrutiny. Because these categorical bans destroy the core Second Amendment right as stated by the Supreme Court in *Heller* and *McDonald*, and also by the Ninth Circuit in *Peruta*, they are both undeniably unconstitutional.

This is not merely constitutional harm, though a deprivation of constitutional liberties is considered irreparable by itself. *See*, *e.g.*, *Ezell v. City of Chicago*, 651 F.3d 684, 699 (7th Cir. 2011) (Second Amendment right to train at firing range); *See also Klein v. City of San Clemente*, 584 F.3d 1196, 1207-1208 (9th Cir. 2009) (First Amendment freedoms); *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (same). Rather, there is the very real harm from the Plaintiffs' inability to defend themselves against violence, as has already happened. That the Plaintiffs must risk injury or death at the hands of criminals because of the Defendant's unconstitutional laws is unjustifiable, which is why the *Heller* Court deemed these prohibitions unlawful when the District of Columbia enacted them, and why laws virtually identical to

2

those in this case were struck down in Chicago by the *McDonald* Court. The Court should grant summary judgment in Plaintiffs' favor.

## **SUMMARY JUDGMENT STANDARD**

"Summary judgment is proper if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "That burden may be met by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). "Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify facts which show a genuine issue for trial." *Id.*

"However, a non-moving party cannot rest upon the mere allegations or denials of the [] party's pleading, but must . . . 'set forth specific facts showing that there is a genuine issue for trial.'" *Estate of Tucker v. Interscope Records*, 515 F.3d 1019, 1030 (9th Cir. 2008) (citing F.R.Civ.P.56(e)); See also *Celotex Corp.*, 477 U.S. at 324. "A party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda." *S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

# ARGUMENT

Plaintiffs incorporate all paragraphs in their undisputed Statement of Facts.[1]

## I. THE SECOND AMENDMENT MUST BE ENFORCED IN THE CNMI.

Officers of the CNMI can be sued in their official capacity for injunctive relief under 42 U.S.C. § 1983. *Sablan v. Tenorio*, 4 N.M.I. 351, 358 (1996).

In 1975, the United States and the CNMI entered into the Covenant to Establish a Commonwealth of the Northern Marianas Islands in Political Union with the United States of America ("Covenant") that the CNMI would have Commonwealth status, which was signed into law by the U.S. Congress in 1976 and fully implemented in November, 1986.

Section 501(a) of the Covenant states in relevant part:

> To the extent that they are not applicable of their own force, the following provisions of the Constitution of the United States will be applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several States: Article I, Section 9, Clauses 2, 3, and 8; Article I, Section 10, Clauses 1 and 3; Article IV, Section 1 and Section 2, Clauses 1 and 2; **Amendments 1 through 9, inclusive;** (emphasis added)

Per *McDonald v. City of Chicago*, 130 S.Ct. 3010 (2010), the Second Amendment is incorporated as against the several states (through the Due Process Clause of the Fourteenth Amendment), and therefore as against CNMI and the

---

[1] References to the Plaintiffs' Statement of Undisputed Facts are listed as "SUF xx." References to Plaintiffs' exhibits are listed as "SJ Exh.xx."

4

Defendant as well. Likewise, the Fourteenth Amendment has also been made applicable to the CNMI pursuant to Covenant § 501(a) (*See In Re "C.T.M.," A Minor Child*, 1 N.M.I. 410, 413 (1990). Therefore, the rights protected by the Second Amendment, as described in *Heller* and *McDonald*, apply fully to this case.

## II. DEFENDANT IS VIOLATING PLAINTIFFS' SECOND AMENDMENT RIGHTS BY PROHIBITING HANDGUN POSSESSION IN THE CNMI.

The CNMI has enacted the Commonwealth Weapons Control Act (6 CMC §§ 2201-2230). Section 2202 of the Act (6 CMC § 2202) states "No person may manufacture, purchase, sell, possess or carry any firearm, dangerous device or ammunition other than as provided in this article."

Additionally, 6 CMC § 2222(e) prohibits the importation, sale, transfer, giving, purchasing, possessing or use of virtually any handgun or its ammunition in the CNMI, despite handguns being the most commonly-used self-defense firearm.

6 CMC § 2230(b) states in relevant part: "(b) Any person who violates any other provisions of this article or any regulations issued pursuant thereto shall be guilty of a felony, and upon conviction thereof, may be fined not more than $5,000 or imprisoned not more than five years, or both, and may be subject to confiscation of any firearm, dangerous device, or ammunition without compensation, involved in a violation of this article.

Therefore, any law-abiding resident of the CNMI who wishes to possess a handgun would be guilty of a felony for doing so, and risking criminal penalties

including incarceration.

However, in 2008, the United States Supreme Court decided the landmark case of *District of Columbia v. Heller*, 554 U.S. 570 (2008). The *Heller* Court concluded "that the Second Amendment codified a pre-existing, individual right to keep and bear arms and that the 'central component of the right' is self-defense." *Peruta v. County of San Diego*, 742 F.3d 1144, 1149 (9th Cir. 2014) (quoting *Heller*, 554 U.S. at 592, 599). "[*Heller*] further held that, because 'the need for defense of self, family, and property is most acute in the home,' the D.C. ban on the home use of handguns—'the most preferred firearm in the nation'--failed 'constitutional muster' under any standard of heightened scrutiny." *Peruta*, 742 F.3d at 1149 (quoting *Heller* at 628-29 & n.27). When addressing exactly the issue presented here, the *Heller* Court ruled that "[n]o matter what standard of review to which the Court might have held the D.C. restrictions, 'banning from the home the most preferred firearm in the nation to keep and use for protection of one's home and family would fail constitutional muster.'" *Heller*, 554 U.S. at 628-29.

Therefore, under *Heller*, and as followed in *Peruta*, a ban on handgun possession by law-abiding CNMI residents is unconstitutional. Summary Judgment should therefore be granted in Plaintiffs' favor on Count I of their Complaint, and the categorical handgun ban contained in 6 CMC § 2222(e) should be struck down.

## III. DEFENDANT IS VIOLATING PLAINTIFFS' SECOND AMENDMENT RIGHTS BY EXCLUDING SELF-DEFENSE AS A PERMISSIBLE REASON FOR POSSESSING A FIREARM OR OBTAINING A WIC.

6 CMC § 2204 states "No person may acquire or possess any firearm, dangerous device or ammunition unless the person holds an identification card issued pursuant to this article."

Also, 6 CMC § 2206 states: "No person may carry a firearm unless the person has in his or her immediate possession a valid identification card, and is carrying the firearm unloaded in a closed case or other securely wrapped or closed package or container, or locked in the trunk of a vehicle while en route to or from a target range, or area where the person hunts, or takes part in other sports involving firearms, or carries the firearm in plain sight on his or her person while actively engaged in hunting or sports involving the use of firearms." This definition of "carry" includes "having on one's person" (6 CMC § 102(b)), and on its face applies even in one's home. It also excludes self-defense as a valid reason for possessing a firearm.

This is confirmed on the WIC Application itself, which states: "Strongly Recommended Not to Use, FAMILY PROTECTION as Reason to Carry or Possess Firearms or Any Dangerous Device" (SJ Exh.3 at D.2).

Plaintiffs live on Saipan and applied for a WIC. They are concerned about self-defense, especially since Li-Rong was attacked and beaten during a home invasion in 2010 when David was away, suffering severe injuries (SUF 1, 2, 4). In

7

the meantime, Plaintiffs have received no response to their WIC applications, despite filing them approximately 190 days ago (SUF 6-9).

6 CMC § 2230(a) states that: "Any person who, being a holder of a valid identification card fails to comply with 6 CMC § 2206 shall be guilty of a misdemeanor, and upon conviction thereof shall be fined not more than $100 or imprisoned not more than three months, or both. Thus, anyone who engages in self-defense with a firearm is committing a crime and risking criminal penalties including incarceration. The challenged laws, especially when coupled with the criminal penalties of Section 2230(a), significantly limit Plaintiffs' ability to defend themselves and their family in the event of violence (SUF 5).

These laws ignore that "self-defense, recognized since ancient times as a 'basic right,' is the 'central component' of the Second Amendment guarantee." *Peruta*, 742 F.3d at 1149 (quoting *McDonald v. City of Chicago*, 130 S.Ct. 3010, 3026 (2010). "And whatever else it leaves to future evaluation, it surely elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Heller*, 554 U.S. at 635. This was based on *Heller*'s historical analysis, including that:

> . . . in what *Heller* calls the 'most important' American edition of Blackstone's Commentaries, *id*. at 594, St. George Tucker, a law professor and former Antifederalist, affirmed Blackstone's comments on the British right and commented further on its American dimensions. The right to armed self-defense, Tucker insisted, is the 'first law of nature,' and any law 'prohibiting any person from bearing arms' crossed the constitutional line. St. George Tucker,

8

> *Blackstone's Commentaries: With Notes of Reference to the Constitution and Laws of the Federal Government of the United States; and of the Commonwealth of Virginia* 289 (1803).

*Peruta*, 742 F.3d at 1154.

The Court reiterated these fundamental rights in *McDonald*, holding that "[t]he Second Amendment 'protects a personal right to keep and bear arms for lawful purposes, most notably for self-defense within the home.'" 130 S.Ct. at 3044; *See also Silvester v. Harris*, 2013 U.S. Dist. LEXIS 172946 at *10 (E.D.CA 2013).

When the challenged law does not regulate the Second Amendment right, but instead "destroys the right," then "the law is unconstitutional under any light." *Morris v. U.S. Army Corps of Engineers*, 2014 U.S. Dist. LEXIS 147541 at *4 (D.Idaho, 2014) (quoting *Peruta*, 742 F.3d at 1168). "There can be no question that actual possession of a firearm is a necessary prerequisite to exercising the right keep and bear arms." *Silvester*, 2013 U.S.Dist. LEXIS at *14. Through the Defendant's enforcement of the Commonwealth's laws, one cannot obtain a WIC, and therefore cannot obtain a firearm, for self-defense purposes.

In *Morris*, the District Court struck down a Army Corps ban on "law-abiding citizens carrying operable firearms for the lawful purpose of self-defense" on its property. *Morris*, 2014 U.S. Dist. LEXIS 147541 at *5. The *Morris* Court held:

> The regulation banning the use of handguns on Corps' property by law-abiding citizens for self-defense purposes violates the Second Amendment. While the Corps retains the right to regulate the possession and carrying of handguns on Corps property, this regulation imposes an

> outright ban, and is therefore unconstitutional under any
> level of scrutiny, as set forth in *Heller* and *Peruta*.

*Id*. at *12.

In *Peruta*, the Ninth Circuit struck down a "good cause" requirement for obtaining a license to carry, the granting of which was at the County Sheriff's discretion and for which self-defense was not considered "good cause." In reversing the District Court, the Ninth Circuit held " . . . San Diego County's 'good cause' permitting requirement impermissibly infringes on the Second Amendment right to bear arms in lawful self-defense." *Peruta*, 742 F.3d at 1179. For the same reason, the Defendant's refusal to allow qualified persons to keep and bear arms for self-defense violates their Second Amendment rights under *Heller* and *Peruta*.

Indeed, the Ninth Circuit does not limit the right of self-defense to the home. "[B]oth *Heller* and *McDonald* identify the 'core component' of the right as self-defense, which necessarily 'take[s] place wherever [a] person happens to be,' whether in a back alley or on the back deck." *Peruta*, 742 F.3d at (quoting Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self-Defense: An Analytical Framework and a Research Agenda*, 56 UCLA L. Rev. 1443, 1515 (2009)); *See also Moore v. Madigan*, 702 F.3d 933, 937 (7th Cir. 2012) ("To confine the right to be armed to the home is to divorce the Second Amendment from the right of self-defense described in *Heller* and *McDonald*."). Though public carry is not at issue in this case, it is clear that because the Ninth Circuit held the Second Amendment

10

protects the right to self-defense with a handgun in public, that it also protects such a right in a person's home, which was the specific factual issue of *Heller*.

The Defendant limits the allowable purposes for obtaining a WIC and possessing a firearm to sporting, hunting, and using a target range (or traveling to or from one of these activities while the firearm is inaccessible and/or unloaded). *See* 6 CMC § 2206. And while those are certainly useful reasons for a firearm and are almost certainly constitutionally protected as well, the Defendant cannot exclude self-defense, the core of the Second Amendment right, as a valid purpose for obtaining a WIC and firearm. *See* Eugene Volokh, *Implementing the Right to Keep and Bear Arms for Self-Defense*, 56 UCLA L. Rev. at 1448 (suggesting that the right 'may have other components,' such as the right to keep and bear arms for recreation, hunting, or resisting government tyranny). That the Defendant does so means the statutes must be invalidated as to Plaintiffs. Summary judgment should be granted for Plaintiffs on Counts II and III of their Complaint.

## CONCLUSION

WHEREFORE, the Plaintiffs, David J. Radich and Li-Rong Radich, request this Honorable Court to grant their F.R.Civ.P. 56(a) Motion for Summary Judgment, as well as any and all further relief as this Court deems just and proper.

Dated: January 10, 2015          Respectfully submitted,

By:     /s/ David G. Sigale
        One of the Attorneys for Plaintiffs

| Lead Counsel | Local Civil Rule 83.5(f) Counsel |
|---|---|
| David G. Sigale, Esq. (#6238103 (IL)) | Daniel T. Guidotti, Esq. (#F0473 CNMI)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Marianas Pacific Law LLC |
| 799 Roosevelt Road, Suite 207 | 2nd Floor, J.E. Tenorio Building |
| Glen Ellyn, IL 60137 | Middle Road, Gualo Rai |
| Tel: 630.452.4547 | P.O. Box 506057 |
| Fax: 630.596.4445 | Saipan, MP 96950 |
| dsigale@sigalelaw.com | Tel: +1.670.233.0777 |
| Admitted *Pro hac vice* | Fax: +1.670.233.0776 |
| | dan.guidotti@mpaclaw.com |

*Attorneys for Plaintiffs*

**CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING**

The undersigned certifies that:

1. On January 10, 2015, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

2. Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


　　　　　　　　　　　　　　　　　　　　　/s/ David G. Sigale　　　　　　
　　　　　　　　　　　　　　　　　　　One of the Attorneys for Plaintiffs

| Lead Counsel | Local Civil Rule 83.5(f) Counsel |
| --- | --- |
| David G. Sigale, Esq. (#6238103 (IL)) | Daniel T. Guidotti, Esq. (#F0473 (CNMI)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Marianas Pacific Law LLC |
| 799 Roosevelt Road, Suite 207 | 2nd Floor, J.E. Tenorio Building |
| Glen Ellyn, IL 60137 | Middle Road, Gualo Rai |
| Tel: 630.452.4547 | P.O. Box 506057 |
| Fax: 630.596.4445 | Saipan, MP 96950 |
| dsigale@sigalelaw.com | Tel: +1.670.233.0777 |
| Admitted *Pro hac vice* | Fax: +1.670.233.0776 |
|  | dan.guidotti@mpaclaw.com |

*Attorneys for Plaintiffs*