EXHIBIT 10-000001          173

October 29, 1976

REPORT TO THE CONVENTION
OF THE COMMITTEE ON PERSONAL RIGHTS
AND NATURAL RESOURCES

Subject:   Committee Recommendation No. 4:
           Personal Rights

The Committee recommends that the Committee of the
Whole adopt in principle the constitutional provision attached
hereto with respect to personal rights.

The Committee has considered a wide range of proposals
with respect to personal rights and recommends that there
be a single constitutional article dealing with all personal
rights.  The draft provision attached to this report contains
12 sections each of which deals with a separate personal right
or group of related rights.

The Committee's recommendations are organized in
three general sections.  The Committee considered first
those personal rights that are guaranteed by the United
States Constitution and that are made applicable within the
Northern Mariana Islands by the Covenant.  Those rights are
set out in Sections 1 through 6.  The Committee then
considered those personal rights that are guaranteed within
the United States by the United States Constitution but
are not extended automatically to the Northern Mariana Islands

EXHIBIT 10-000002    1 / 4

- 2 -

by the Covenant.  Those rights to be included in the Common-
wealth Constitution are set out in Sections 7 through 9.
Finally, the Committee considered personal rights that are
guaranteed by some state constitutions and that have been
recommended by various experts, but that are <u>not</u> included
in the United States Constitution and therefore are <u>not</u>
extended to the Northern Mariana Islands by the Covenant.
Those rights to be incorporated in the Commonwealth Consti-
tution are set out in Sections 10 through 12.  The reasons
for the Committee's recommendation with respect to each
proposed constitutional provision falling within these
three categories are set out below·

<u>Rights Guaranteed by the United States
Constitution and Applicable Automatically
in the Northern Mariana Islands</u>

In general, the Committee decided to incorporate
into the Commonwealth Constitution rights that are guaranteed
by the United States Constitution.  The Committee believed
that it would be useful to collect in one place in the
Constitution all of the important personal rights.  This
would permit citizens of the Commonwealth to look to their own
Constitution for a complete statement of their personal
rights and would not require them to go back through the
Covenant and consult the relevant parts of the United States
Constitution.

<u>Section 1:  Laws Prohibited</u>.  This section is drawn
from Article I, Section 10 of the United States Constitution.

EXHIBIT 10-000003

It prohibits three kinds of laws:  (1) bills of attainder, which are laws that declare a person guilty of a crime and impose punishment without a trial before a court; (2) ex post facto laws, which are laws that define new criminal offenses and apply them retroactively to a period of time before the law was enacted; and (3) laws impairing the obligations of contract.

The Committee decided not to incorporate the privileges and immunities clause of Article IV, Section 2 of the United States Constitution because it is of limited benefit to citizens of the Northern Mariana Islands.  Its benefits apply primarily to United States citizens who travel to the Commonwealth.  The privileges and immunities clause of the United States Constitution is made applicable automatically by the Covenant and will be in force in the Commonwealth even though it is not included in the Commonwealth Constitution.

Section 2:  Freedom of Religion, Speech, Press and Assembly.  The Committee recommends that the general language of the First Amendment of the United States Constitution be incorporated in the Commonwealth Constitution. The Committee has not provided for any extension of that language.

The provision with respect to freedom of religion requires that the Commonwealth government refrain from aiding religion.  As under the United States Constitution,

EXHIBIT 10-000004

170

- 4 -

some aid to religious institutions, such as schools, is permitted if that aid is for a non-religious purpose, such as education in science or other non-religious subjects.

The provision with respect to freedom of speech prevents interference with the free expression of ideas except where important interests in social order are involved. Because the Committee has not extended the First Amendment language, this constitutional provision does not protect obscenity or certain forms of conduct such as flag-burning that have been classified as "non-verbal" speech.

The provision with respect to freedom of the press prevents any government censorship of the press by the executive, legislative or judicial branches of the government. Because the Committee has not extended the rights guaranteed by the United States Constitution, this provision does not give newsmen the right to refuse to reveal their sources and may, in some instances, permit a court to order newsmen not to publish certain information about criminal defendants or trials.

The provision with respect to freedom of assembly prevents any government interference with political rallies, religious gatherings or other meetings. This provision also gives the people the right to petition the government for the redress of their grievances.

EXHIBIT 10-000005

177

- 5 -

Section 3:  Search and Seizure.  This section

provides a guarantee with respect to the security of the

people in their persons, homes, papers and other effects.

Section 3(a) provides that a search or seizure

can be conducted only pursuant to a warrant, and that

the warrant must be issued by a court after a showing

of probable cause.  This is an extension of the Fourth

Amendment.  Under the United States Constitution some

searches may be conducted without a warrant and with less

than a showing of probable cause.  The Committee believes

that an extension of the Fourth Amendment protection is

appropriate for the Commonwealth in order to establish a

uniform rule governing all searches and seizures.

Section 3(b)  deals specifically with searches

and seizures through wiretapping.  It provides the same

protections against these actions of the government by

requiring a warrant in every case.  The Committee believes

that wiretapping should not be prohibited in the Common-

wealth because there are some types of crimes, such as

drug trafficking, that are very difficult to prosecute with-

out such evidence.  The Committee has included this

provision so that the policy with respect to wiretapping

in the Commonwealth will be absolutely clear.

EXHIBIT 10-000006

110

- 6 -

Section 3(c) is an extension of the Fourth Amend-
ment.  It provides that the victims of illegal searches
or seizures will have a cause of action against the Common-
wealth government.  Under the Fourth Amendment, the
only sanction for an illegal search or seizure
is the application of the exclusionary rule that prevents
the evidence obtained by these methods from being used in
the criminal trial.  The Committee believes that a more
sensible policy is to compensate those who are adversely
affected and to leave the courts free to decide whether the
evidence gathered by these methods should be used in the
trial based on considerations of the probative nature of
the evidence itself.  The Committee recognizes that there
may be a need for limitations on the amount of money
damages for which the Commonwealth will be liable in such
cases and has permitted the legislature to set such limits.

Section 4:  Criminal Prosecutions.  This section
contains nine separate fundamental rights pertaining to
prosecution of criminal cases.

Section 4(a) provides that the criminal defendant
shall have the right to be represented by a lawyer in all
cases and in all appeals.  This is an extension of the

EXHIBIT 10-000007

169

- 7 -

right provided by the Sixth Amendment of the United
States Constitution, which guarantees counsel only in cases
in which the defendant may be sentenced to prison and
only through the first appeal. Under the Committee's
recommended provision, a defendant can waive his right to
counsel. If a defendant elects to be represented by counsel
and is too poor to pay legal fees, the Commonwealth will
have the responsibility of providing counsel. The Committee
recognizes that extending the right to counsel also extends
the burden on the Commonwealth, both in financial resources
and in the minimum time necessary for the trial of cases.
However, the Committee believes that this right is important
in securing a fair trial and an effective judicial system.

Section 4(b) is taken directly from the Sixth
Amendment to the United States Constitution and has not
been extended. It provides that the accused has the
right to be confronted with the witnesses against him so
that he can meet that evidence and present his own defense
effectively. It also provides that the accused has the
right of compulsory process to obtain witnesses in his
favor. This means that the court will issue subpoenas
to persons who have relevant information but who are
unwilling to testify voluntarily. In this manner, the
defendant can have the benefit of all available evidence at
his trial.

# EXHIBIT 10-000008

180

- 8 -

Section 4(c) is taken directly from the Fifth Amendment to the United States Constitution and has not been extended. It provides that no person can be compelled to testify against himself. This means that no witness in a trial or other administrative proceeding can be compelled to testify against himself. It also means that no defendant can be compelled to testify at all at his own trial. A defendant in a criminal case is entitled to have the Commonwealth prove the offense without any testimony from him. The defendant can, of course, elect to testify in his own behalf.

Section 4(d) is taken directly from the Fifth Amendment to the United States Constitution and has not been extended. It requires a speedy and public trial. The Committee considered an extension of this right that would require a trial in the municipality from which the defendant came. The Committee rejected this proposal because it believed that trial at the place where the crime was committed was more appropriate.

Section 4(e) is taken from the Fifth Amendment to the United States Constitution and has been extended by the Committee to cover double jeopardy between the federal and Commonwealth jurisdictions. Under the Fifth Amendment, a defendant cannot be prosecuted twice by the same jurisdiction -- that is he cannot be prosecuted twice by the Commonwealth or twice by the federal government. However,

EXHIBIT 10-000009

101

- 9 -

it is possible for a defendant to be prosecuted twice --
once by the federal government and once by the state govern-
ment -- for the same offense, if that offense happens to be
a violation of both federal and state statutes.  Under the
Committee's recommended provision, there would be only one
opportunity to prosecute a defendant.  The Commonwealth
and federal prosecutors would be required to confer and
decide which should undertake the prosecution.  Once one
jurisdiction had prosecuted a defendant, the other jurisdic-
tion would be barred.  The Committee points out that this
would affect only a small number of cases and would not
affect cases where the crime resulted in more than one
type of charge being brought against the defendant.  The
federal prosecutor could prosecute bank robbery charges,
for example, and if the defendant were acquitted, the
Commonwealth prosecutor could then prosecute for a subsi-
diary offense arising out of the same crime such as illegal
possession of a gun.

Section 4(f) is taken directly from the Eighth
Amendment to the United States Constitution and has not
been extended.  This provision prohibits excessive bail.
It does not require that defendants be able to put up
bail and be released from prison in all cases.  The
legislature might decide that certain crimes, for example
murder or drug trafficking, are so serious that no person
accused of those crimes and against whom a sufficient

EXHIBIT 10-000010

182

- 10 -

amount of evidence exists should be permitted to leave
jail pending trial. In those cases the severity of
punishment increases the likelihood that the accused
will not return to stand trial once freed. The Committee
recommends a prohibition on excessive bail so that if the
legislature provides for bail in certain types of cases
a judge cannot set bail higher than poor persons can
afford just to keep them in jail. The draft provision
requires only that for cases where the legislature permits
bail, the bail not be excessive.

Section 4(g) is also taken directly from the
Eighth Amendment to the United States Constitution and has
not been extended. It provides that excessive fines shall
not be imposed. This provision does not require or prohibit
the imposition of fines for offenses for which the legislature
finds them to be appropriate. The provision only requires
that when fines are available as a punishment and they are
imposed, that they not be excessive in relation to the crime.

Section 4(h) has also been taken directly from
the Eighth Amendment to the United States Constitution and
has not been extended. It prohibits cruel and unusual
punishments. This means that the legislature may not devise
or use punishments such as starvation, torture, non-voluntary
medical experimentation or things other than prison terms,
probation and other forms of partial release.

EXHIBIT 10-000011                      183

- 11 -

Section 4(i) is a specific extension of the Eighth Amendment to cover capital punishment.  The Committee believes that capital punishment should be abolished because mistakes are sometimes made in prosecuting criminals and if an innocent person were put to death by the Commonwealth an irremediable injustice would have been done. The Committee considered the burden on the Commonwealth of keeping prisoners in custody for long sentences as would be required without the death penalty.  The Commonwealth decided that this burden was reasonable because the Committee believes that no risk should be taken with a human life.  The Committee also considered the use of capital punishment as a deterrent and decided that this was probably outweighed by the possibility of rehabilitation in some cases, therefore capital punishment should not be used.

Section 5:  Due Process.  This provision is taken directly from Section 1 of the Fourteenth Amendment to the United States Constitution and has not been extended.  This provision requires the Commonwealth government to observe strict standards of fairness in dealing with the people. The protections of this section do not extend to interference with civil rights by a private individual.  The legislature, however, has the option to extend such protection by statute.

Section 6:  Equal Protection.  This provision was taken from Section 1 of the Fourteenth Amendment to the United

EXHIBIT 10-000012

104

- 12 -

States Constitution and has been extended significantly. The first sentence of the Committee's recommended provision is the standard equal protection clause. Similar clauses are found in every state constitution. This provision guarantees that the government will treat all persons similarly situated in the same manner. It forbids classifications that are irrational. The second sentence of this provision requires special protection against certain kinds of classifications: race, color, religion, ancestry or sex. This is an extension of the Fourteenth Amendment protection which applies strict scrutiny only to race and ethnic classifications. The Committee's recommended provision forbids classifications based on these two factors and adds religion, ancestry and sex. The Committee believes that these are important protections and should be made explicit in the Commonwealth Constitution. The Committee decided not to extend the language of this section to include discrimination based on alienage.

### Rights Guaranteed by the United States Constitution within the United States But Not Applicable Automatically in the Commonwealth

The Committee considered five fundamental rights guaranteed by the United States Constitution but not made applicable automatically by the Covenant in the Northern Mariana Islands. These are the right to bear arms, the right not to be required to house soldiers, the right to a grand jury indictment in certain criminal cases, the right to

# EXHIBIT 10-000013

- 13 -

trial by jury in criminal cases, and the right to trial by jury in civil cases. The Committee's recommended provision includes a form of each of these rights except the right to indictment by grand jury. The Committee decided that the grand jury procedure was costly, time-consuming and not required in a relatively small community such as the Commonwealth.

### Section 7: Availability of a Militia

This section incorporates the language of the Second Amendment to the United States Constitution. It permits the Commonwealth to form a militia if that is necessary and guarantees the right to bear arms in order to have armed and trained citizens available to serve in the militia. The Committee believes that a militia might be necessary to help keep order during times of disaster or other emergency. This Amendment guarantees the right of the Commonwealth to organize such a militia -- on land, at sea or in the air -- but does not require the legislature to do so. The Committee believes that the protection available from the United States military forces will suffice in most instances. The Committee's proposed constitutional provision does not guarantee the right of an individual to possess any particular gun. Under this proposed provision, the legislature could enact a gun control law if that were to become necessary.

EXHIBIT 10-000014

186

- 14 -

Section 8: Quartering Soldiers. This section
is taken from the Third Amendment to the United States
Constitution and has not been extended. It prohibits the
quartering of soldiers in civilian homes during peacetime,
and permits such action during wartime only as provided
by the legislature. The Committee discussed including
refugees in this provision, but decided that such a
contingency could be left to the legislature.

Section 9: Right to Trial by Jury. This section
authorizes the legislature to specify the particular kinds
of criminal and civil cases in which the parties involved
will have the right to request a jury trial. The Committee
did not want to guarantee the right to trial by jury in all
cases in the Northern Mariana Islands because of the
expenses associated with juries, the difficulty of finding
jurors unacquainted with the facts of a case, and the fear
that the small closely-knit population in the Northern
Mariana Islands might lead to acquittals of guilty persons
in criminal cases. Nonetheless, the Committee believes that
in some cases, especially those where defendants face
serious criminal charges and long terms of imprisonment,
the right to trial by jury should be guaranteed. Therefore,
this section gives the legislature the authority to designate
the categories of cases in which a jury trial may be
requested. Within these categories of cases, any defendant

EXHIBIT 10-000015

187

- 15 -

may elect to have a jury trial.  The choice rests solely
with the defendant.  At the present time, all criminal
defendants in the Northern Mariana Islands have the right
to trial by jury, yet there have been very few such trials.
The Committee expects that this practice will continue,
particularly in light of evidence that judges and juries
generally reach the same verdicts.

Rights Not Guaranteed by the United
States Constitution Within the
United States

Each of the rights in this section is in addition
to the protection offered by the United States Constitution.
The Committee provided for these additional protections be-
cause it believed that they met significant needs within
the Commonwealth.  The Committee also considered constitutional
protection for access to governmental hearings and documents,
collective bargaining and humane treatment of prisoners.
The Committee decided that these matters are more appropriately
left to the legislature.

Section 10:  Free Public Education.  This section
guarantees the right of each person to attend a free public
school.  This does not mean that each public school must
accept all students that apply.  Each school may restrict
enrollment to students within a certain age range or of
certain abilities, but if persons are not allowed to attend
certain schools, there must be other free public schools that

EXHIBIT 10-000016        **188**

- 16 -

are open to them. Similarly, if existing schools cannot house all of the potential students in the Commonwealth, new schools must be built. This section does not prohibit schools from adopting disciplinary and administrative rules or from refusing to accept students who are serving criminal sentences.

Section 11: Clean and Healthful Environment. This provision protects the environment in the Commonwealth. The Committee does not believe that there are significant environmental problems at the present time. However, it believes that this is an appropriate constitutional provision in order to provide protection for the future.

Section 12: Privacy. This provision protects the right of each person to privacy. This means that a person should not be subjected to unwanted publicity or intrusion into his affairs unless there is a compelling government interest that overcomes the individual's interest.

Delegate Proposals. The Committee considered Delegate proposals numbered 25, 31 and 67 that pertain to the article on personal rights.

With respect to proposal number 25, Sections 1, 2, 3, and 5 are consistent with the Committee's proposed Constitutional provision. Section 7 of the proposal is covered in more limited form by Section 10 of the Committee's proposed provision. Consideration of Sections 6 and 9 was deferred.

EXHIBIT 10-000017

**189**

- 17 -

With respect to proposal number 31, this matter is covered in more limited form by Section 9 of the Committee's proposed provision.

With respect to proposal number 67, Section 1 is covered by Section 4(a) and (d) of the Committee's proposed provision. Consideration of Section 2 has been deferred.

The Committee has deferred consideration of constitutional provisions with respect to the rights of juveniles and will consider that matter when it considers other delegate proposals dealing with personal rights.

Respectfully submitted by the Committee,

Felipe Q. Atalig, Chairman

Francisco T. Palacios, Vice Chairman

Pedro M. Atalig

Felix A. Ayuyu

Jose S. Borja

Daniel P. Castro

Juan S. Demapan

Hilario F. Diaz

Henry U. Hofschneider

EXHIBIT 10-000018

190

- 18 -

_____
Luis M. Limes

_____ -Rota
Leon I. Taisacan

_____
Manuel A. Tenorio

_____
Ramon G. Villagomez

EXHIBIT 10-000019                 **191**

ARTICLE __
PERSONAL RIGHTS

Section 1: Laws Prohibited. No law shall be made that is a bill of attainder, an ex post facto law, or a law impairing the obligation of contracts.

Section 2: Freedom of Religion, Speech, Press and Assembly. No law shall be made respecting an establishment of religion, or prohibiting the free exercise thereof, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition the government for a redress of grievances.

Section 3: Search and Seizure. The people shall have the right to be secure in their persons, houses, papers and belongings.

a) No search or seizure shall be conducted without a warrant issued by a court and no warrant shall issue but upon probable cause supported by oath or affirmation and describing particularly the place to be searched and the persons or things to be seized.

b) No wiretapping or other comparable means of surveillance shall be used except pursuant to a warrant.

c) Any person adversely affected by an illegal search or seizure shall have a cause of action against the government within limits provided by law.

Section 4: Criminal Prosecutions. In all criminal prosecutions certain fundamental rights shall pertain.

EXHIBIT 10-000020                    192

- 2 -

a) The accused shall have the right to assistance of counsel in all cases, including all appeals.

b) The accused shall have the right to be confronted with the witnesses against him and to have compulsory process for obtaining witnesses in his favor.

c) No person shall be compelled to be a witness against himself.

d) There shall be a speedy and public trial.

e) No person shall be put twice in jeopardy for the same offense regardless of the governmental entity that first institutes prosecution.

f) Excessive bail shall not be required.

g.) Excessive fines shall not be imposed.

h) Cruel and unusual punishment shall not be inflicted.

i) Capital punishment is prohibited.

Section 5: Due Process. No person shall be deprived of life, liberty or property without due process of law.

Section 6: Equal Protection. No person shall be denied the equal protection of the laws. No person shall be denied the enjoyment of civil rights or be discriminated against in the exercise thereof on account of race, color, religion, ancestry or sex.

Section 7: Availability of a Militia. In order that a militia may be available if necessary in times of emergency, the right of the people to keep and bear arms shall not be infringed.

EXHIBIT 10-000021                    193

- 3 -

Section 8: Quartering Soldiers. No soldier in time of peace may be quartered in any house without the consent of the owner, nor in time of war except in a manner prescribed by law.

Section 9: Trial by Jury. The legislature may provide for trial by jury in serious criminal and civil cases as defined by law.

Section 10: Free Public Education. Each person shall have the right to a free public education.

Section 11: Clean and Healthful Environment. Each person shall have the right to a clean and healthful environment.

Section 12: Privacy. The right of individual privacy shall not be infringed except upon a showing of compelling government interest.