OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
James M. Zarones (T0102)
Assistant Attorney General
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670)-664-9023
Fax: (670)-664-2349
e-mail: jzarones@dps.gov.mp
Attorney for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| LI-RONG RADICH AND DAVID RADICH, | Civil Action No. 14-0020 |
| Plaintiffs, | **MOTION TO STRIKE DECLARATION OF DAVID J. RADICH FILED ON MARCH 4, 2015** |
| v. | |
| JAMES C. DELEON GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, | **Judge: Chief Ramona Manglona** |
| | Date: _____ |
| Defendant. | Time: _____ |

**NOW INTO COURT**, through undersigned counsel comes Defendant James C. Deleon Guerrero, in his official capacity as Commissioner of the Department of Public Safety for the Commonwealth of the Northern Mariana Islands, and hereby moves to strike the declaration of David J. Radich filed on March 4, 2015. The legal basis for the Defendant's Motion to Strike is more fully set forth in the Memorandum which is filed contemporaneously with this Motion.

RESPECTFULLY SUBMITTED.

OFFICE OF THE ATTORNEY GENERAL

DATED: March 9, 2015          /s/_____
                              James Zarones (T0102)
                              Assistant Attorney General
                              Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed on March 9, 2015, with service requested to all parties of record.

/s/_____
James Zarones, Bar No. T0102
Assistant Attorney General
Office of the Attorney General
Counsel for Department of Public Safety
Commonwealth of the
Northern Mariana Islands

OFFICE OF THE ATTORNEY GENERAL
Edward Manibusan
Attorney General
James M. Zarones (T0102)
Assistant Attorney General
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP  96950-8907
Tel: (670)-664-9023
Fax: (670)-664-2349
e-mail:  jzarones@dps.gov.mp
Attorney for Defendant Commonwealth

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **LI-RONG RADICH AND DAVID RADICH,**  **Plaintiffs,**  v.  **JAMES C. DELEON GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands,**  **Defendant.** | Civil Action No. 14-0020  **MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DECLARATION OF DAVID J. RADICH FILED ON MARCH 4, 2015** |

### I.      INTRODUCTION

On January 10, 2015, Plaintiffs filed the declaration of David Radich in support of Plaintiffs' Motion for Summary Judgment. On February 9, 2015, the Defendant Opposed the Plaintiffs' Motion for Summary Judgment and objected to the introduction of the declaration because it was not in substantial compliance with 28 U.S.C. § 1746 and LR 7.1(b). On February 19, 2015, the Plaintiffs filed a Reply to the Defendant's Opposition. However, the Plaintiffs did not respond to or defend against the Defendant's evidentiary objections.

On March 4, 2015, without explanation and without leave of the Court, the Plaintiffs filed a new declaration to support their Motion for Summary Judgment.

Now, the Defendant moves the Court to strike the new declaration of David J. Radich, filed on March 4, 2015, because it was submitted in violation of the Federal Rules of Civil

Procedure, Local Rule 7.1, and in violation of the Scheduling Order issued by this Court on December 31, 2014.

## II. THE NEW DECLARATION OF DAVID RADICH IS PROHIBITED BY LOCAL RULE 7.1

The Court should strike the new declaration of David Radich because it was submitted in violation of Local Rule 7.1. Local Rule 7.1 provides the rules for motions, oppositions, replies, and declarations filed in the United States District Court for the Commonwealth of the Northern Mariana Islands. Local Rule 7.1(b) requires that a declaration accompany the motion which it supports: "[e]ach notice of motion shall be accompanied, where appropriate, by affidavits or declarations under penalty of perjury sufficient to support any material factual contentions, and by an appropriate legal memorandum or brief, including, where appropriate, citations to these Rules." LR 7.1(b). Here, the new declaration did not accompany the Plaintiffs' Motion for Summary Judgment or the Reply. Further, the Plaintiffs did not provide any citation to the Federal or Local Rules, which is also required by LR 7.1(b).

The Court may not accept the new declaration filed by the Plaintiffs. Local Rule 7.1(c)(4) provides that "no further filings or replies shall be accepted without leave having first been obtained from the court." The new declaration is a new filing. Unfortunately, Plaintiffs chose to file the new declaration without leave of Court and in the absence of any rule which would allow for such a filing. Local rule 7.1(c)(4) is mandatory and it is not within this Court's discretion to accept the new declaration. *See* 7.1(c)(4).

For the reasons stated above, the Defendant moves the Court to strike the new declaration of David Radich filed on March 4, 2015.

## III. THE NEW DECLARATION OF DAVID RADICH WAS SUBMITTED IN VIOLATION OF THE SCHEDULING ORDER ISSUED BY THE COURT

The Court issued its amended scheduling order on December 31, 2014. ECF 15. The amended scheduling order required the Plaintiffs to submit their summary judgment materials on or before January 10, 2015. ECF 15 ¶ 2. The scheduling order was not vague or subject to creative interpretation. The Plaintiffs were required to make their filings on or before January 10, 2015. *Id*. If the Plaintiffs wished to deviate from the Court's order, then it was incumbent upon them to seek leave of the Court. Instead, the Plaintiffs ignored the Court's order and filed a new declaration just days before a hearing that has been scheduled for months. The Defendant is not prepared to address a new declaration submitted well after all of the deadlines have passed. Fortunately for the Defendant, the Court's orders are not mere suggestions to be followed only when convenient for the parties. Instead, the Court's orders are binding upon the parties and may not be disobeyed without consequence. Therefore, the Court should strike the new declaration of David Radich filed on March 4, 2015, for violating the Court's amended scheduling order issued on December 31, 2014.

The Plaintiffs may argue that the new declaration is, in fact, just an amendment to the original declaration. However, such an argument would ignore two important facts. First, the original "declaration" was not a declaration at all, because it did not substantially comply with 28 U.S.C. § 1746 and LR 7.1(b). The Plaintiffs have conceded this point by failing to address the Defendant's evidentiary objections. Second, the scheduling order clearly provided that *all* of Plaintiffs' summary judgment submissions were due on or before January 10, 2015. As such, the declaration of David Radich filed on March 4, 2015, violated the Court's amended scheduling order, regardless of the label that Plaintiffs choose to affix to the new filing. If the Plaintiffs wished to file a document outside of the time allotted by this Court, then the Plaintiffs were

required to seek leave of Court. LR 7.1(c)(4).

For the reasons stated above, the Defendant moves the Court to strike the new declaration of David Radich filed on March 4, 2015.

## IV. THE FEDERAL RULES OF CIVIL PROCEDURE DO NOT ALLOW FOR THE FILING OF THE DAVID RADICH DECLARATION

The Court should strike the new David Radich Declaration because Rule 6(c)(2) requires that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Here, the Plaintiffs did not file the new declaration contemporaneously with their motion for summary judgment. Nor did the Plaintiffs file the new declaration with their Reply. Finally, the Plaintiffs did not seek leave of Court before filing the new declaration. It may be that there is some Rule which would allow for the filing of a declaration whenever a party wishes to do so, but because the Plaintiffs chose not to encumber their filing with any sort of legal memorandum, the Court cannot know the Plaintiffs' reasoning.

The Court should strike the new declaration because it is not allowed by Rule 6(c)(2) of the Federal Rules of Civil Procedure and the Plaintiffs did not seek or receive leave of the Court before filing the new declaration.

## V. CONCLUSION

The Plaintiffs may have had a reason that would have justified their untimely filing. If they had such a reason, then they should have presented it to the Court and requested leave to file an amended declaration. Instead, the Plaintiffs took it upon themselves to file the new declaration without permission, perhaps thinking it easier to ask for forgiveness than for permission. Put simply, the Plaintiffs should not, and cannot, be permitted to gain an advantage by ignoring the rules and orders of this Court.

Wherefore, the Defendant respectfully moves the Court to strike the declaration of David

1 | Radich filed on March 4, 2015.

2 | RESPECTFULLY SUBMITTED.   OFFICE OF THE ATTORNEY GENERAL

4 | DATED: March 9, 2015    /s/_____
James Zarones
Assistant Attorney General
Office of the Attorney General
Commonwealth of the Northern Mariana Islands
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing was electronically filed on March 9, 2015, with service requested to all parties of record.

/s/_____
James Zarones, Bar No. T0102
Assistant Attorney General
Office of the Attorney General
Counsel for Department of Public Safety
Commonwealth of the
Northern Mariana Islands

Certificate of Mailing