F I L E D
Clerk
District Court

MAR 10 2015

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES C. DELEON GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, <br><br> Defendant. | Case 1:14-CV-00020 <br><br><br> ORDER DISMISSING COMPLAINT FOR LACK OF STANDING AND GRANTING LEAVE TO AMEND |

## I.    INTRODUCTION

Plaintiffs David and Li-Rong Radich challenge the constitutionality of the Commonwealth's ban on handguns in the Commonwealth Weapons Control Act ("Act"). (Compl. 1, ¶¶ 1-4, ECF No. 1.) They seek to enjoin Defendant James C. Deleon Guerrero, Commissioner of the Department of Public Safety ("DPS"), from enforcing "the prohibitions on virtually all CNMI residents from obtaining handguns for self-defense purposes." (Compl. 8, ¶ 1.) Plaintiffs have moved for summary judgment, and the issue is fully briefed. Defendant argues that the Court must dismiss this matter because Plaintiffs' injuries cannot be redressed by a favorable decision—they lack standing. (Opp'n 4-8, ECF No. 20.) The Court agrees, and will dismiss this matter without prejudice and with leave for Plaintiffs to amend their Complaint consistent with this order.

/ /

1

## II.   FACTS ALLEGED

Plaintiffs seek legal access to handguns to protect themselves. In 2010, while David was away, Li-Rong was attacked at their home. (Compl. 5, ¶ 14.) Although Li-Rong's screams eventually drove her attacker from the residence, she suffered "two broken ribs, facial contusions, and a suspected broken orbital bone and eye socket." (*Id.*) Li-Rong eventually recovered, and Plaintiffs applied for weapons permits. (Compl. 5, ¶ 15.) To this day, no permit has been granted. (Compl. 5-6, ¶¶ 16-18.)

## III.   ARGUMENTS

In their motion for summary judgment, Plaintiffs urge relief to avoid the "very real harm from [their] inability to defend themselves against violence, as has already happened." (Plaintiffs' Memo. 2, ECF No. 17.) In particular, Plaintiffs seek summary judgment on Counts I and II of their Complaint. Count I challenges Title 6, Section 2222(e) of the Commonwealth Code, a part of the Commonwealth Weapons Control Act, which bans importing, selling, transferring, giving away, purchasing, possessing, or using any handgun, because it "violates the Plaintiffs' individual right to keep and bear arms for self-defense as secured by the Second Amendment." (Compl. 6, ¶ 20.) Count II challenges Title 6, Section 2206 of the Commonwealth Code, which prohibits carrying a handgun for self-defense purposes, and the requirement that an applicant demonstrate "good cause" to obtain a Weapons Identification Card ("WIC"), which is required to carry any kind of firearm in the Commonwealth, for the same reasons. (Compl. 6, ¶ 22.)

Defendant argues that Plaintiffs lack standing, because even if the Court were to strike down the offending provisions of the Act, Plaintiffs' injury would not be redressed—they would not be able to obtain a handgun for self-defense without importing one from outside the Commonwealth. (Opp'n 6.) However, the Commonwealth bans such imports. 6 CMC § 2301. Therefore, to obtain relief,

Plaintiffs would need to add a challenge to the import ban and sue the official in charge of enforcing that ban. *See* 6 CMC §§ 2301(a), 2302(a) (stating that the Customs Service shall have the primary responsibility for enforcing the import ban). Without taking aim at the import ban on handguns (section 2301) and the official in charge of enforcing it (section 2302), any ruling favorable to the Plaintiffs would be a hollow one. The Court agrees.

## IV.   ANALYSIS

Article III of the United States Constitution limits the federal judicial power to cases or controversies. U.S. Const. art. III, § 2, cl. 1. This "irreducible constitutional minimum of standing" has three elements: (1) injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Redressability depends on whether the court has the ability to remedy the alleged harm." *Nuclear Info. & Res. Serv. v. Nuclear Regulatory Comm'n* ("*NIRS*"), 457 F.3d 941, 955 (9th Cir. 2006). A court cannot redress an injury inflicted by a party not subject to the lawsuit; standing requires more than partial redressability. *See Lujan*, 504 U.S. at 569 (finding insufficient redressability because the district court could not bind the actions of agencies (1) not party to the suit but (2) necessary to remedy the plaintiffs' injury). In other words, if enjoining the parties to the lawsuit would not avail the plaintiff, then there is an absence of redressability, and therefore standing. *See NIRS*, 457 F.3d at 955 (stating that even if the Court "wiped off the books" the allegedly injurious regulation, the plaintiffs nevertheless lacked standing because another agency's identical unchallenged rule would continue to apply).

Here, Plaintiffs allege an injury because the Commonwealth's absolute ban on handguns violates the lawful exercise of their Second Amendment right to self-defense. (*See* Plaintiffs' Memo.

2.) Commonwealth law currently prevents both the possession of handguns as well as the means of obtaining them. *See* 6 CMC § 2222(e) (ban on importing, selling, transferring, giving away, purchasing, possessing, or using any handgun), § 2302 (ban on bringing in or importing handguns). As a result, handguns are almost entirely absent from the Commonwealth—they are certainly not available for lawful purchase. Indeed, according to Defendant, DPS has not issued a single handgun permit from 1983 to the present. (ECF No. 20-2.) To vindicate their Second Amendment rights, therefore, Plaintiffs would need to challenge not only the statutory ban on possession, but also the ban on importation. In other words, lawful possession is a *necessary* condition to exercising one's Second Amendment right, but it is not a *sufficient* one—a person still needs to obtain a gun to exercise the right. (*See* Compl. 8, ¶ 1 (referring to the ban on "*obtaining*" handguns).)

Plaintiffs argue that the Court could grant relief on the import ban through their challenge to 6 CMC § 2222(e), and therefore satisfy redressability. (Reply 2.) Essentially, Plaintiffs argue that a favorable decision on the challenged import ban (6 CMC § 2222(e)) would necessarily overturn the unchallenged ban (6 CMC § 2301) as well. (*Id.*)

But whatever the merits of that argument, the Court cannot rule on the import ban unless the official in charge of enforcement is named as a party. *Lujan*, 504 U.S. at 569. That is not the case in this suit. Here, Defendant admitted that he "enforce[es] the CNMI's laws, customs, practices and policies," but the plain language of the statute provides that the Customs Service—not DPS or its Commissioner—has the "primary responsibility and authority to enforce" the import ban. *See* 6 CMC § 2302(a). DPS "may issue, amend and repeal regulations implementing [the Commonwealth Weapons Control Act]" 6 CMC § 2228, presumably including any import rules based on 6 CMC § 2222(e) to prohibit handguns, but such regulations do not alter the statutory authority of Customs

Service to enforce the ban independently. *See NIRS*, 457 F.3d at 955. In order for Plaintiffs to obtain a handgun, they must necessarily import it or cause it to be imported into the Commonwealth.  The unchallenged section 2301(a) of Title 6 precludes its importation, and the Court has no way of reaching that issue without the presence of the official in charge of Customs Service.

## V.   CONCLUSION

To vindicate their Second Amendment right to bear handguns in self-defense, Plaintiffs have the duty to establish their legal standing. Because the current Defendant cannot provide the full remedy Plaintiffs seek for their alleged constitutional injury, they must join the official in charge of enforcing the handgun import ban. *See* Fed. R. Civ. P. 19(a). Without that party, this Court lacks subject matter jurisdiction. Accordingly,

1.  This matter is dismissed without prejudice for lack of standing.

2.  Plaintiffs' Motion for Summary Judgment (ECF No. 16) is denied as moot.

3.  Defendant's Motion to Strike (ECF No. 25) is denied as moot.

4.  The motion hearing set for March 12, 2015, is vacated.

Plaintiffs are granted leave to amend the Complaint to include the handgun import ban and serve process on any necessary parties. An amended complaint must be filed with the Court no later than March 24, 2015.


SO ORDERED this 10th day of March, 2015.


RAMONA V. MANGLONA
Chief Judge