# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH,   ) | |
|          ) | |
|       Plaintiffs,     ) | |
|          ) | |
| v.            ) | |
|          ) | |
| JAMES C. DELEON GUERRERO, in his   ) | |
| official capacity as Commissioner of the   ) | |
| Department of Public Safety of the   ) | Case No. 1:14-CV-20 |
| Commonwealth of Northern Mariana   ) | |
| Islands, and LARRISA LARSON, in her   ) | |
| official capacity as Secretary of the   ) | |
| Department of Finance of the   ) | |
| Commonwealth of Northern Mariana   ) | |
| Islands,          ) | |
|          ) | |
|       Defendants.   ) | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, DAVID J. RADICH and LI-RONG RADICH, by and through undersigned counsel, as and for their Second Amended Complaint against Defendants JAMES C. DELEON GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of Northern Mariana Islands ("CNMI"), and LARRISA LARSON, in her official capacity as Secretary of the Department of Finance of the CNMI, allege as follows:

## INTRODUCTION

1.  This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the CNMI's prohibition on the importation, ownership and possession of

handguns and ammunition otherwise protected by the Second Amendment, the statutory inability to possess or use a loaded firearm for self-defense purposes in the CNMI, the good cause requirement for obtaining a Weapons Identification Card (WIC) in the CNMI, which is required for one seeking to obtain a firearm for self-defense, and the discriminatory use of immigration laws to deprive persons of their Second Amendment rights.

2.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3.     In 1975, the United States and the CNMI entered into the *Covenant to Establish a Commonwealth of the Northern Marianas Islands in Political Union with the United States of America* ("Covenant") that the CNMI would have Commonwealth status, which was signed into law by the U.S. Congress in 1976 and fully implemented in November, 1986.

4.     Pursuant to Section 501(a) of the Covenant, the Second Amendment, and Section 1 of the Fourteenth Amendment to the United States Constitution are fully applicable to the CNMI.

**JURISDICTION AND VENUE**

5.     Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws,

statute, ordinances, regulations, customs, and usages of the CNMI of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6. This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## PLAINTIFFS

7. Plaintiff Li-Rong Radich is a resident of Saipan, CNMI, and is a resident alien lawfully admitted into the United States for permanent residence since 2009. She is a citizen of the People's Republic of China. She and David have been married since 2009.

8. Plaintiff David J. Radich was born in California, and is a United States citizen, as well as an honorably discharged United States Navy veteran who served in the Gulf War. He was formerly a teacher in the Detroit Public School system in Michigan before moving to Tinian, CNMI to work for the Public School system there, and then moved to Saipan in 2008, to work for an environmental consulting firm. He and Li-Rong have been married since 2009.

## DEFENDANTS

9. Defendant, James C. Deleon Guerrero, in his official capacity as Commissioner of the Department of Public Safety of the CNMI, is responsible for enforcing the CNMI's laws, customs, practices, and policies. In that capacity, Commissioner Deleon Guerrero presently enforces the laws, customs, practices and policies complained of in this action, and is sued in his official capacity. Specifically,

Commissioner Deleon Guerrero is the authority charged with issuing Weapons Identification Cards to residents of the CNMI per 6 CMC § 2228, as well as enforcing the herein stated unconstitutional provisions of the Commonwealth Weapons Control Act, and is located in the same.

10.     Defendant, Larrisa Larson, in her official capacity as Secretary of the Department of Finance of the CNMI, is responsible for heading the CNMI's Customs Service division of the Department of Finance, enforcing the CNMI's laws and policies regarding the areas of customs and baggage inspection, and for adopting rules and regulations regarding those areas. In that capacity, Secretary Larson presently enforces the customs laws and policies complained of in this action, and is sued in her official capacity. Specifically, per, 1 CMC § 2553(i), 6 CMC § 2302(a), and NMIAC § 70-10.1-020, Secretary Larson is the authority charged with enforcing the prohibition on the importation of handguns and handgun ammunition into the CNMI and is located in the same.

## STATUTORY BACKGROUND

11.     In the CNMI, there exists the Commonwealth Weapons Control Act (6 CMC §§ 2201-2230). Section 2202 of the Act (6 CMC § 2202) states "No person may manufacture, purchase, sell, possess or carry any firearm, dangerous device or ammunition other than as provided in this article."

12.     Further, 6 CMC § 2204 states "No person may acquire or possess any firearm, dangerous device or ammunition unless the person holds an identification card issued pursuant to this article."

13. Also, 6 CMC § 2206 states: "No person may carry a firearm unless the person has in his or her immediate possession a valid identification card, and is carrying the firearm unloaded in a closed case or other securely wrapped or closed package or container, or locked in the trunk of a vehicle while en route to or from a target range, or area where the person hunts, or takes part in other sports involving firearms, or carries the firearm in plain sight on his or her person while actively engaged in hunting or sports involving the use of firearms." This definition of "carry" includes "having on one's person" (6 CMC § 102(b)), and on its face applies even in one's home. It also excludes self-defense as a valid reason for possessing a firearm.

14. Additionally, 6 CMC § 2222(e) prohibits the importation, sale, transfer, giving, purchasing, possessing or use of virtually any handgun or its ammunition in the CNMI, despite handguns being the most commonly-used self-defense firearm.

15. Per 6 CMC § 2230(b), any person who possesses a handgun or handgun ammunition in violation of the Weapons Control Act may be punished by up to five years in prison, a $5,000 fine, or both.

16. In the CNMI, there exist a number of customs regulations which govern importation of handguns and handgun ammunition into the CNMI. These laws are codified at 6 CMC § 2301-2303.

17. Title 6 CMC § 2301(a)(3) prohibits the importation of handguns and handgun ammunition into the CNMI, with limited exceptions that do not apply to the Plaintiffs.

18.     Per 6 CMC § 2301(b), importation of handguns and related ammunition is a criminal act, punishable by up to five years in prison, a $2,000 fine, or both.

19.     Also, under 6 CMC § 2150 and 6 CMC § 2303(a), all handguns and handgun ammunition imported in violation of the customs law are subject to forfeiture.

## STATEMENT OF FACTS

20.     Plaintiffs have been and continue to be extremely concerned about the self-defense of their persons.  In 2010, while David was away and Li-Rong was at home alone, their home was invaded and Li-Rong was attacked and beaten, resulting in injuries including two broken ribs, facial contusions, and a suspected broken orbital bone and eye socket.  She screamed out for help and that caused the home invader to leave.  She eventually recovered physically, but both Plaintiffs incurred medical bills for Li-Rong's care.

21.     CNMI's prohibition on the importation and possession of handguns and handgun ammunition by virtually all CNMI residents (including Plaintiffs) significantly limits the Plaintiffs' ability to protect themselves and their family in the event of violence.  At the same time, Plaintiffs' inability to obtain a WIC for self-defense purposes significantly limits the Plaintiffs' ability to protect themselves and their family in the event of violence.

22.     On or about July 31, 2013, Plaintiffs applied to the CNMI Department of Public Safety for a Weapons Identification Card.

23.     Though 6 CMC § 2204(d) requires a WIC to be issued if an application is not denied within 60 days, Plaintiffs received neither a WIC nor a denial during that time period.

24.     In early-September, 2013, David contacted the Defendant's office regarding Li-Rong's and his still-pending WIC applications, and a representative told him that their applications were being reviewed by the Attorney General's office.  To date, David and Li-Rong have still not been issued or denied WICs.

25.     Plaintiffs have been denied the ability to legally register and possess handguns for immediate self-defense by the Defendant Deleon Guerrero.

26.     Were Plaintiffs to bring a handgun or handgun ammunition into the Commonwealth, the CNMI Division of Customs, under the control of Defendant Larson, would seize them.  Therefore, Plaintiffs have been denied the ability to legally import constitutionally protected handguns and related ammunition into the CNMI for immediate self-defense by Defendant Larson.

## COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS (LI-RONG AND DAVID) (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

27.     Paragraphs 1 through 26 are realleged and incorporated herein by reference.

28.     The ban on handgun and handgun ammunition possession contained in 6 CMC § 2222(e), facially and as applied to Plaintiffs, violates the Plaintiffs' individual right to keep and bear arms for self-defense as secured by the Second Amendment to the United States Constitution.

## COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (LI-RONG AND DAVID)
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

29.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30.     The bans on handgun and handgun ammunition importation contained in both 6 CMC § 2222(e) and 6 CMC § 2301(a)(3), facially and as applied, violate the Plaintiffs' individual right to keep and bear arms for self-defense as secured by the Second Amendment to the United States Constitution.

## COUNT III – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
## (LI-RONG AND DAVID)
## (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

31.     Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32.     The prohibition on possessing and carrying a firearm for self-defense per 6 CMC § 2206, by itself and coupled with the good cause requirement for qualification for a WIC, as set forth in Section D2 of the WIC application, on its face and as applied, violates the Plaintiffs' individual right to possess a handgun or other firearm for self-defense as secured by the Second Amendment to the United States Constitution.

33.     The inability of David to obtain a WIC also disqualifies him from obtaining, or even applying for, a federal firearms dealer's license (FFL), which violates the Plaintiff's right, as well as the rights of all qualified CNMI residents

who wish to obtain a firearm for self-defense, to keep and bear arms as secured by the Second Amendment to the United States Constitution.

## COUNT IV – VIOLATION OF EQUAL PROTECTION (LI-RONG) (U.S. CONST. AMEND. XIV; 42 U.S.C. § 1983)

34.     Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35.     The citizenship or American national requirement contained in 6 CMC § 2204(l), and all other CNMI statutory language, which restrict lawfully admitted aliens the rights and privileges of obtaining a WIC and possessing firearms based on citizenship status, facially and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

36.     The citizenship or American national requirement contained in 6 CMC § 2204(l), and all other CNMI statutory language, which restricts lawfully admitted aliens the rights and privileges of obtaining a WIC and possessing firearms based on citizenship status, on their face and as applied, violates Li-Rong's individual right to possess a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

## FOR ALL COUNTS

37.     Paragraphs 1 through 36 are realleged and incorporated herein by reference.

38.     A controversy exists as to whether the handgun and handgun ammunition prohibitions contained in 6 CMC § 2222(e) are unconstitutional.

39.     A controversy exists as to whether the bans on handgun and handgun ammunition importation contained in 6 CMC § 2222(e) and 6 CMC § 2301(a)(3) are unconstitutional.

40.     A controversy exists as to whether the self-defense prohibition contained in 6 CMC § 2206 is unconstitutional.

41.     A controversy exists as to whether the good cause requirement for a WIC contained in the CNMI's WIC application is unconstitutional.

42.     A controversy exists as to whether the citizenship or American national requirement for obtaining a WIC and possessing firearms, contained in 6 CMC § 2204(l) is constitutional.

43.     A declaration from this Court would settle these issues.

44.     A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

45.     The Plaintiffs seek a declaration that the handgun and handgun ammunition prohibitions contained in 6 CMC § 2222(e) are unconstitutional.

46.     The Plaintiffs seek a declaration that the bans on handgun importation and handgun ammunition importation into the CNMI contained in 6 CMC § 2222(e) and 6 CMC § 2301(a)(3) are unconstitutional.

47.     The Plaintiffs seek a declaration that the self-defense prohibition contained in 6 CMC § 2206 is unconstitutional.

48.     The Plaintiffs seek a declaration that the good cause requirement for a WIC contained in the CNMI's WIC application is unconstitutional.

49.     The Plaintiffs seek a declaration that the citizenship or American national requirement for obtaining a WIC and possessing firearms, contained in 6 CMC § 2204(l) is unconstitutional.

50.     In the absence of an injunction, the challenged requirements and restrictions in the CMC would continue to be enforced and would prevent Plaintiffs from (1) obtaining a WIC such that they could obtain a firearm for self-defense and defense of family, and (2) successfully purchasing and possessing an otherwise legal handgun and its ammunition for self-defense and defense of family.

51.     The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

52.     There is no adequate remedy at law because only an injunction would allow Plaintiffs the opportunity to obtain a WIC, and the opportunity to purchase a handgun, and handgun ammunition, for self-defense.


WHEREFORE, Plaintiffs pray that this Honorable Court:

1.      Issue preliminary and permanent injunctions enjoining Defendants Commissioner James C. Deleon Guerrero and Secretary Larrisa Larson from enforcing against the Plaintiffs: (a) the prohibitions on virtually all CNMI residents from obtaining handguns and handgun ammunition for self-defense purposes; (b) the prohibitions on virtually all CNMI residents from importing handguns and handgun ammunition for self-defense purposes; (c) the prohibition on obtaining a WIC and possessing a firearm for self-defense purposes; (d) the good cause

requirement for obtaining a WIC; and (e) the citizenship or American national requirement for obtaining a WIC and possessing firearms, and;

2.      Enter a declaratory judgment that (a) the prohibitions on virtually all CNMI residents from obtaining handguns and handgun ammunition for self-defense purposes; (b) the prohibitions on virtually all CNMI residents from importing handguns and handgun ammunition for self-defense purposes; (c) the prohibition on obtaining a WIC and possessing a firearm for self-defense purposes; (d) the good cause requirement for obtaining a WIC; and (e) the citizenship or American national requirement for obtaining a WIC and possessing firearms, are null and void as unconstitutional because they infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

3.      Award the Plaintiffs attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4.      Grant such other and further relief, in law and equity, as the Court deems just and proper.


Dated:  April 22, 2015                              Respectfully submitted,


By:  _____/s/ David G. Sigale, Esq._____
        One of the Attorneys for Plaintiffs

Lead Counsel
David G. Sigale, Esq. (#6238103 (IL))
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com
Appearing *Pro hac vice*

Local Civil Rule 83.5(f) Counsel
Daniel T. Guidotti, Esq. (#0473 CNMI))
Marianas Pacific Law LLC
2nd Floor, J.E. Tenorio Building
Middle Road, Gualo Rai
P.O. Box 506057
Saipan, MP 96950
Tel: +1.670.233.0777
Fax: +1.670.233.0776
dan.guidotti@mpaclaw.com

*Attorneys for Plaintiffs*