**O'CONNOR BERMAN DOTTS & BANES**
**201 Marianas Business Plaza**
**1 Nauru Loop**
**Susupe, Saipan, CNMI**
Mail: PO Box 501969 Saipan MP 96950
Phone: 234-5684
Fax: 234-5683

Attorneys for Movant for Intervention

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH,    )<br>                                                         )<br>                        Plaintiffs,        )<br>                                                         )<br>        vs.                                             )<br>                                                         )<br>ROBERT GUERRERO,                          )<br>in his official capacity as Commissioner  )<br>of the CNMI Department of Public Safety, and )<br>LARISSA LARSON,                               )<br>in her official capacity as Secretary       )<br>of the CNMI Department of Finance,     )<br>                                                         )<br>                        Defendants.       )<br>_____)<br>                                                         )<br>TANAPAG MIDDLE SCHOOL PARENT )<br>TEACHER STUDENT ASSOCIATION, )<br>                                                         )<br>                Movant for Intervention.   )<br>_____) | No. 1:14-CV-00020<br><br>**EMERGENCY**<br>**MOTION UNDER**<br>**LOCAL RULE 7.1.h.3(b)** |

Movant for Intervention Tanapag Middle School Parent Teacher Student Association hereby moves the Court, pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, to extend the time for filing a Notice of Appeal by 30 days, to the extent doing so may be necessary to allow time for filing a notice after the resolution of the motion to intervene.  Due to time constraints, this Motion is filed on an emergency basis pursuant to Local Rule 7.1.h.3(b).

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1.h.3(b)**

I, Joseph E. Horey, hereby certify as follows:

A. The telephone and facsimile numbers and office addresses of the parties are as follows:

*Plaintiffs*:
Daniel Guidotti
Phone: 233-0777
Fax:    233-0776
Office Address:    2nd Floor, J.E. Tenorio Building
                   Gualo Rai, Saipan, CNMI

*Defendants*:
James M. Zarones
Phone: 237-7500
Fax:    664-2349
Office Address:    Office of Attorney General (Civil)
                   Capitol Hill, Saipan, CNMI

*Movants for Intervention*:
Joseph E. Horey
Phone: 234-5684
Fax:    234-5683
Office Address:    201 Marianas Business Plaza
                   Susupe, Saipan, CNMI

B. The emergency arises from the possible imminent approach of the 30-day deadline for appeal from the Court's March 28, 2016, decision and order. The thirtieth day from that decision falls tomorrow, April 27, 2016. There is insufficient time between now and then for the resolution of the pending Motion to Intervene for Purposes of Appeal. Since the point of the Motion to Intervene is to file a notice of appeal, that Motion, though timely filed, would be rendered nugatory as a practical matter if Movant were to prevail, only to find that the time for the action it sought to take has already expired.

    C.    Counsel for Plaintiffs and Defendants have been notified of this motion by e-mail of this date (3:11 pm), and will also be e-served contemporaneously with the filing of the motion, by way of the Court's e-filing and service system.

I certify upon penalty of perjury under the laws of the United States and the Commonwealth of the Northern Mariana Islands that the foregoing is true and correct. Executed at Saipan this 26th day of April. 2016.

                              */s/ Joseph E. Horey*

                              JOSEPH E. HOREY

## ARGUMENT

In support of this Motion, Movant shows the Court the following:

1. The Decision and Order Granting Plaintiffs' Cross-Motion for Summary Judgment and Denying Defendants' Cross-Motion for Summary Judgment (ECF No. 60) was entered in this matter on March 28, 2016.

2. A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. *See* Fed. R. App. P. 4(a)(1)(A).

3. Thirty days from March 28, 2016, is April 27, 2016.

4. If the Decision and Order constitutes a final judgment in this action, then the time to file a notice of appeal from that judgment therefore expires April 27, 2016.

5. According to Movant's undersigned counsel's understanding of the rules, the Decision and Order does not in fact constitute a final judgment, a final judgment has not yet been entered in this matter, and the thirty-day time period for filing a notice of appeal has therefore not yet begun to run, since no separate document entering judgment has been entered in the docket by

the Clerk of Court.[1]

6. However, counsel is also cognizant that his understanding of the law has not always proved correct, and recognizes the ambiguity created by the fact that the Decision and Order did dispose, as a practical matter, of all claims and issues in the case, and therefore could arguably be construed as final and appealable judgment.

7. Out of abundance of caution, and in light of the severity of the consequences of error, Movant therefore now moves the Court to extend the time for filing a notice of appeal by the thirty days authorized by rule (*see* Fed. R. App. P. 4(a)(5)), so that Movant's ability to file such a notice in the event its motion to intervene is granted will be beyond cavil.

Respectfully submitted this 26th day of April, 2016.

                                                O'CONNOR BERMAN DOTTS & BANES
                                                Attorneys for Movants

                                                By: _____/s/_____
                                                             Joseph E. Horey

*1000-09-160426-PL-M extend time*

---

[1] *See generally* Fed. R. Civ. P. 58(a) ("Every judgment . . . must be set out in a separate document."); Harmston v. City and County of San Francisco, 627 F.3d 1273, 1280-81 (9th Cir. 2010) (where no there is no separate document entering judgment, 30-day time to appeal does not begin to run until 150 days from entry of actual final order, leaving a total of 180 days to appeal). *See also, e.g.*, In Re Maxtitle, Inc., 237 Fed. Appx. 274, 275 (9th Cir. 2007) ("To comply with Rule 58, a sheet containing the judgment, usually prepared by the clerk, must be distinct from any opinion or memorandum.") (internal punctuation omitted) (*quoting* Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989)); Mitchell v. State of Idaho, 814 F.2d 1404, 1405 (9th Cir. 1987) (eight-page document discussing facts and law and detailing reasons for the district court's decision "does not comply with the requirement of Fed. R. Civ. P. 58 that every judgment shall be set forth on a separate document") (internal punctuation omitted).