**O'CONNOR BERMAN DOTTS & BANES**
**201 Marianas Business Plaza**
**1 Nauru Loop**
**Susupe, Saipan, CNMI**
**Mail: PO Box 501969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**

Attorneys for Movant for Intervention

IN THE DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| DAVID J. RADICH and LI-RONG RADICH, | ) | No. 1:14-CV-00020 |
| | ) | |
| Plaintiffs, | ) | MEMORANDUM |
| | ) | IN SUPPORT OF |
| vs. | ) | MOTION TO |
| | ) | INTERVENE |
| ROBERT GUERRERO, | ) | FOR PURPOSES |
| in his official capacity as Commissioner | ) | OF APPEAL |
| of the CNMI Department of Public Safety, and | ) | |
| LARISSA LARSON, | ) | |
| in her official capacity as Secretary | ) | Date: May 26, 2016 |
| of the CNMI Department of Finance, | ) | Time: 2:00 pm |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| TANAPAG MIDDLE SCHOOL PARENT | ) | |
| TEACHER STUDENT ASSOCIATION, | ) | |
| | ) | |
| Movant for Intervention. | ) | |
| _____ | ) | |

## INTRODUCTION

The Tanapag Middle School Parent Teacher Student Association (hereinafter PTSA) has moved the Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, for leave to intervene as a Defendant in the above-captioned matter, for the purpose a taking an appeal from the Court's March 28, 2016, Decision and Order Granting Plaintiffs' Cross-Motion for Summary Judgment and Denying Defendants' Cross-Motion for Summary Judgment (ECF No. 60). *See*

1

*generally* Motion to Intervene For Purposes of Appeal (ECF No. 66). In further support of this motion, the PTSA shows the Court the following points and authorities:

**IDENTITY AND INTEREST OF MOVANT**

The PTSA is a non-profit corporation organized pursuant to the laws of the Commonwealth of the Northern Mariana Islands. Its membership is composed of the parents, teachers and students of Tanapag Middle School, a public educational institution for sixth grade through eighth grade students in the northern villages of Saipan. *See* Declaration of Kodep Ogumoro-Uludong, filed herewith. The PTSA's specific purposes include "promot[ing the] welfare of children and youth in home, school and community." *See* PTSA Charter (exhibit to Motion). The PTSA members' interest in the welfare of their children is the ultimate interest underlying and justifying their motion for intervention in this case. *See generally* Johnson v. San Francisco Unified School District, 500 F.2d 349, 353 (9th Cir. 1974) (upholding intervention based on "the concern of parents . . . for their children's welfare") (internal punctuation omitted) (*quoting* Smuck v. Hobson, 408 F.2d 175, 180 (D.C. Cir. 1969)). The legalization of handguns in the CNMI adds a new and powerful threat to those children's welfare. It creates new opportunities for homicides and suicides, deaths and injuries, threats and accidents. It places the CNMI under the same lenient US constitutional gun control regime under which, "[s]ince 2013, there have been at least 175 school shootings . . . an average of nearly one a week." *See* https://everytownresearch.org/school-shootings. It forces parents and schools to develop new, often problematic, and ultimately inadequate responses to a previously nonexistent problem. *See generally* Kodep Declaration and Motion to Intervene. If the Court's decision is allowed to remain in force without appeal, the PTSA's ability to protect its interest in the "welfare of children and youth in home, school and community" will thus be permanently impeded.

**INTERVENTION FOR PURPOSES OF APPEAL**

The "right to intervene for the purpose of appealing is well established." Alameda Newspapers, Inc. v. City of Oakland, 95 F.3d 1406, 1412 fn. 8 (9th Cir. 1996). In particular, a non-party having a legitimate interest in an existing action may intervene for the purpose a taking an appeal from a judgment or order adverse to that interest, when the party whose position had been aligned with the intervenor's fails or refuses to appeal. *See, e.g.*, United Airlines, Inc. v. McDonald, 432 U.S. 385 (1977) (airline stewardess intervenes to appeal denial of class certification when original plaintiffs decline to appeal). Intervention of this type has been recognized in numerous Ninth Circuit decisions. *See, e.g.*, Alaska v. Suburban Propane Gas Corp., 123 F.3d 1317 (9th Cir. 1997) (putative class members intervene to appeal denial of class certification when named plaintiffs decline to appeal); Yniguez v. Arizona, 939 F.2d 727 (9th Cir. 1991) (sponsors of a ballot initiative establishing state law intervene to appeal judgment holding that law unconstitutional when state governor declines to appeal); Pellegrino v. Nesbit, 203 F.2d 463 (9th Cir. 1953) (stockholder intervenes to appeal judgment against corporate officers when corporation declines to appeal).[1] It has also been recognized in numerous cases from other federal circuits. *See, e.g.*, Flying J, Inc. v. Van Hollen, 578 F.3d 569 (7th Cir. 2009) (association of gasoline dealers intervenes to appeal district court's invalidation of state law, when state attorney general declines to appeal); Ross v. Marshall, 426 F.3d 745 (5th Cir. 2005) (insurer intervenes to appeal judgment against insured when insured declines to appeal); Smoke v.

---

[1] *See also, e.g.*, United States v. City of Oakland, 958 F.2d 300, 302 (9th Cir. 1992) ("It is occasionally possible for one who was not a party to the litigation in the trial court to appeal from the final judgment, but only after being granted leave to intervene for such purpose."); Washoe Tribe of Nevada and California v. Greenley, 674 F.2d 816, 818-19 (9th Cir. 1982) ("Even after judgment, upon learning that the individual defendants would not appeal, the State could have moved to intervene in the district court."); Legal Aid Society of Alameda County v. Brennan, 608 F.2d 1319, 1328 (9th Cir. 1979) ("Post-judgment intervention for purposes of appeal may be appropriate if the intervenors act promptly after judgment[.]").

Norton, 252 F.3d 468 (D.C. Cir. 2001) (claimants to Indian tribal office intervene to appeal judgment in favor of rival claimants, when US Government (who had supported the losing claimants) declines to appeal); Baker v. Wade, 769 F.2d 289 (5th Cir. 1985), *overruled on other grounds* Lawrence v. Texas, 539 U.S. 558 (2003)) (state official intervenes to appeal judgment invalidating state law when attorney general withdrew his appeal); United States v. American Tel. & Tel. Co., 642 F.2d 1285 (D.C. Cir. 1980) (telephone company intervenes to appeal discovery order when United States declines to appeal); Smuck v. Hobson, 408 F.2d 175 (D.C. Cir. 1969) (parents' group intervenes to appeal desegregation order when school board declines to appeal); Wolpe v. Poretsky, 144 F.2d 505 (D.C. Cir. 1944) (property owners intervene to appeal order enjoining zoning commission from enforcing its order when commission declines to appeal). It has even been recognized on our neighboring island of Guam. *See* Limtiaco v. Camacho, 2009 Guam 7, 2009 WL 2601262 (2009) (gaming machine operator intervenes to appeal writ of mandamus when Rev & Tax Director declines to appeal).

Intervention in such cases is usually granted as of right, pursuant to Fed. R. Civ. P. 24(a) on the ground that the existing parties no longer adequately represent the intervenor's interests. *See* Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").[2] When the existing party is a governmental entity, the inadequate representation often results from the

---

[2] In all the cases cited above except United Airlines and Suburban Propane, intervention was granted as of right. In United Airlines, the court had granted permissive intervention, while in Suburban Propane the type of intervention is not stated.

4

broader range of concerns that such parties must balance, as opposed to the more single-minded, or "parochial," concerns of intervenors.[3]

For example, the interests of the government and the intervenors may diverge with respect to costs. *See, e.g.*, Smuck, *supra*, 408 F.2d at 181 ("[C]onsiderations of publicity, cost, and delay may not have the same weight for the parents as for the school board in the context of a decision to appeal."); Clark v. Putnam County, Ga., 168 F.3d 458, 461-62 (11th Cir. 1999) (noting that county commissioners have "an interest distinct from the proposed interveners," namely "a duty to consider the expense of defending the current plan out of county coffers"). Such a divergence plainly exists in this case, where a reluctance to incur any further liability for plaintiffs' attorneys' fees is at least partly responsible for the Attorney General's unwillingness to pursue an appeal.[4] As an intervenor, the PTSA would not incur such liability.[5]

And when the governmental body declines to appeal, or otherwise act vigorously in defense of its own laws, that fact itself is indicative of inadequate representation. *See, e.g.*,

---

[3] *See, e.g.*, Smuck, *supra*, 408 F.2d at 181 ("The intervening appellants may have more parochial interests centering upon the education of their own children."); Conservation Law Foundation of New England, Inc. v. Mosbacher, 966 F.2d 39, 44 (1st Cir. 1992) (allowing fishing groups intervene to as defendants when original defendant Secretary of Commerce agreed to consent decree with plaintiffs, writing: "The Secretary's judgments are necessarily constrained by his view of the public welfare. While the Secretary may well believe that what best serves the public welfare will also best serve the overall interests of fishermen, the fact remains that the fishermen may see their own interest in a different, perhaps more parochial light.").

[4] *See, e.g.*, Dennis B. Chan, "Senate passes sweeping gun bill," Saipan Tribune (April 7, 2016) ("The AG is also concerned about the costs of an appeal, [Senator] Quitugua said, noting the initial costs of the lawsuit and plaintiff's legal costs and fees the government has to shoulder, as well as the resources the AG spent to defend the NMI's gun laws.").

[5] *See, e.g.*, Costco Wholesale Corp. v. Hoen, 538 F.3d 1128, 1133 (9th Cir. 2008) ("§1988 fee awards should be made against losing intervenors only where the intervenors' action was frivolous, unreasonable, or without foundation.") (*quoting* Democratic Party of Washington State v. Reed, 388 F.3d 1281, 1288 (9th Cir. 2004); Independent Federation of Flight Attendants v. Zipes, 491 U.S. 754, 761 (1989)).

Clark, *supra*, 168 F.3d at 462 ("A greater willingness to compromise can impede a party from adequately representing the interests of a nonparty."); Yniguez, *supra*, 939 F.2d at 737 ("Having decided not to appeal the district court's decision on the merits, the Governor inadequately represents the interests of [the would-be intervenors]."); Wolpe, *supra*, 144 F.2d at 507 ("The failure of the Zoning Commission to take an appeal clearly indicates that its representation of the interest of the interveners was inadequate."); Limtiaco, *supra*, 2009 Guam 7 ¶38 ("Because the DRT is unwilling to make any of GMI's arguments, or even institute further proceedings, GMI will not be adequately represented in the absence of intervention."); Mosbacher, *supra*, 966 F.2d at 44 (granting intervention where, *inter alia*, it appeared that "the [Defendant] Secretary [was] less than wholeheartedly dedicated to opposing the [Plaintiff] Foundation's aims"). It can certainly be said that the Attorney General in this case, who has characterized an appeal as "a waste of time," is "less than wholeheartedly dedicated" to opposing the Plaintiffs' aims.[6]

Finally the Government defendants are constrained by political complications that do not impact the PTSA. *Cf.* Clark, *supra*, 168 F.3d at 462 (noting, as a point of divergent interest, that "the commissioners are undisputedly elected officials, and like all elected officials they have an interest in remaining politically popular and effective leaders") (internal punctuation omitted). These arise from dissension within the CNMI government. While Governor Torres has expressed support for an appeal in this case, and has shown interest in pursuing one through outside counsel if necessary, Attorney General Manibusan has been overtly hostile to the idea of any appeal, and has questioned the propriety of anyone but himself litigating one on the

---

[6] *See, e.g.*, Cherrie Anne E. Villahermosa, "House says no to emergency session; senate passes gun-control bill," Marianas Variety (March 31, 2016) ("During the Senate session, he [AG Manibusan] was asked if he intends to appeal the federal court ruling. Manibusan replied that it was not an option because it would be just a waste of time.").

government's behalf.[7] This kind of problem is new to the CNMI, and is a function of the recent constitutional amendment establishing an elective Attorney General independent of the Administration. *See generally* N.M.I. CONST. Art. III Sec. 11 (as amended by House Legislative Initiative 17-2 (2012)). Under such circumstances, the Governor is forced to pick his fights, and to weigh whether or not it is prudent to attempt to resolve one constitutional crisis (over the right to restrict handguns) by potentially provoking another (over the right to control litigation). The PTSA is constrained by no such political considerations.

The PTSA submits that, for all of the foregoing reasons, it is entitled to intervene as of right in this matter. If the court finds that it is not, however, it should nevertheless grant permissive intervention under Rule 24(b). *See* Fed. R. Civ. P. 24(b) ("On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact.").

A motion to intervene for purposes of appeal is timely when filed "within the time period in which the named [parties] could have taken an appeal." United Airlines, Inc. v. McDonald, 432 U.S. 385, 396 (1977). The PTSA's motion is therefore timely. Indeed, it would likely have been premature if filed earlier:

---

[7] *See, e.g.*, Dennis B. Chan, "Govt officials still insist on appeal to gun ruling," Saipan Tribune (April 5, 2016) ("Gov. Ralph DLG Torres wants to appeal or stay the U.S. District Court for the NMI ruling to strike down parts of Commonwealth gun law, allowing for handguns in the NMI."); "Torres' use of another lawyer to argue appeal probably inappropriate," Saipan Tribune (April 6, 2016) ("[AG] Manibusan . . . has publicly shot down the chances of the success of an appeal, pointing a previous Supreme Court ruling. The Torres administration, on the other hand, is willing to test the possibility of having another counsel argue the appeal, Saipan Tribune learned. . . . 'That would probably not be appropriate,' Manibusan said."); Dennis B. Chan, "Senate passes sweeping gun bill," Saipan Tribune (April 7, 2016) ("Torres is willing to test the possibility of having another counsel argue the appeal, even as Manibusan on Tuesday said this would 'probably not be appropriate' as the AG is the chief legal officer of the Commonwealth.").

> Had the association sought to intervene earlier, its motion would doubtless (and properly) have been denied on the ground that the state's attorney general was defending the statute and that adding another defendant would simply complicate the litigation. For there was nothing to indicate that the attorney general was planning to throw the case – until he did so by failing to appeal.

Flying J, *supra*, 578 F.3d at 572. *See also, e.g.*, Daggett v. Commission on Governmental Ethics & Election Practices, 172 F.3d 104, 112 (1st Cir. 1999) (denying intervention, writing: "The Attorney General is prepared to defend the constitutionality of the Reform Act in full, and there is no indication that he is proposing to compromise or would decline to appeal if victory were only partial. If and when there is such a compromise or refusal to appeal, the question of intervention on this ground can be revisited.") (citations omitted); Massachusetts Food Assn. v. Massachusetts Alcoholic Beverages Control Comm., 197 F.3d 560, 568 (1st Cir. 1999) ("And if the Commonwealth refused to appeal from a defeat, a would-be intervenor could then seek to intervene.").

The PTSA has a defense sharing with the main action a common question of law – *i.e.*, whether and to what extent the constitutional right to bear arms extends to the CNMI. This is a matter of substantial public concern, as to which the public interest favor appellate review.

## **CONCLUSION**

For the foregoing reasons the PTSA should be granted leave to intervene in this action for the purpose of taking an appeal.

Respectfully submitted this 27th day of April, 2016.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Movants


By: _____/s/_____
                  Joseph E. Horey

*1000-09-160427-PL-M to intervene 5*