IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROBERT GUERRERO, in his )<br>official capacity as Commissioner of the )<br>Department of Public Safety of the )<br>Commonwealth of Northern Marianas )<br>Islands, and LARRISA LARSON, in her )<br>official capacity as Secretary of the )<br>Department of Finance of the )<br>Commonwealth of Northern Mariana )<br>Islands, )<br>)<br>Defendants, )<br>)<br>v. )<br>)<br>TANAPAG MIDDLE SCHOOL PARENT )<br>TEACHER STUDENT ASSOCIATION, )<br>)<br>Intervenor. )<br>) | Case No. 1:14-CV-20 |

## PLAINTIFFS' OPPOSITION TO F.R.CIV.P. 24 MOTION TO INTERVENE

Plaintiffs David J. Radich and Li-Rong Radich, by and through undersigned counsel, hereby file their opposition to the Tanapag Middle School Parent Teacher Student Association's F.R.Civ.P. 24 Motion to Intervene.

Dated: May 9, 2016                            Respectfully submitted,


                                              By: /s/ David G. Sigale
                                                  One of the Attorneys for Plaintiffs

David G. Sigale, Esq. (#6238103 (IL))  
LAW FIRM OF DAVID G. SIGALE, P.C.  
799 Roosevelt Road, Suite 207  
Glen Ellyn, IL 60137  
Tel: 630.452.4547  
Fax: 630.596.4445  
dsigale@sigalelaw.com  
Admitted *Pro hac vice*

Daniel T. Guidotti, Esq. (#F0473 CNMI))  
Marianas Pacific Law LLC  
2nd Floor, J.E. Tenorio Building  
Middle Road, Gualo Rai  
P.O. Box 506057  
Saipan, MP 96950  
Tel: +1.670.233.0777  
Fax: +1.670.233.0776  
dan.guidotti@mpac.law

*Attorneys for Plaintiffs*

MEMORANDUM OF POINTS AND AUTHORITIES

INTRODUCTION

The Tanapag Middle School Parent Teacher Student Association ("PTSA") is seeking to intervene in this litigation in order to file an appeal on behalf of the Commonwealth of the Northern Mariana Islands. Dkt. #66. The PTSA argues that the Court must allow intervention as of right because the Commonwealth did not appeal the Court's ruling, thereby indicating that the Commonwealth no longer adequately represents the PTSA's interests. Dkt. #66 at 2:17-20; Dkt. #68 at 6-7 & nn.6-7. The PTSA argues in the alternative that it should be granted permissive intervention. Dkt. #66 at 2-3. Either way, the PTSA seeks to appeal the Court's March 28, 2016 ruling which declared unconstitutional the Commonwealth's near-absolute ban on handgun possession for purposes of self defense. Dkt. #68 at 8:17-18. As of now, the challenged laws no longer exist, at least in the form the Court considered in this suit, because the Commonwealth passed Public Law 19-42 (SAFE Act) following this Court's summary judgment ruling, which repealed and/or amended all the laws that Plaintiffs had challenged.

Because, as the PTSA alleges, the Commonwealth did not appeal the Court's March 28, 2016 ruling, the Court should deny the PTSA's motion to intervene because the PTSA has not—and indeed cannot—establish Article III standing.

ARGUMENT

"[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the

1

intervenor that he fulfills the requirements of Art[icle] III." *Diamond v. Charles*, 476 U.S. 54, 68 (1986) (citing *Mine Workers v. Eagle-Picher Mining & Smelting Co.*, 325 U.S. 335, 339 (1945)). It follows that, for the PTSA to continue this suit on appeal without the Commonwealth, the PTSA must establish Article III standing.

To establish Article III standing, one must "prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth v. Perry*, 133 S. Ct. 2652 (2013) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Art. III's requirements." *Diamond*, 476 U.S. at 62. Thus, "the party seeking judicial resolution of a dispute" must "'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct' of the other party." *Diamond*, 476 U.S. at 62 (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)).

In *Lujan*, the Court stated: "We have consistently held that a plaintiff raising only a generally available grievance about government -- claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large -- does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74. As shown herein, that is precisely what PTSA is claiming, and no more.

Although the PTSA did not directly address Article III standing in its memorandum of points and authorities, the PTSA made several statements which

2

appear relevant to the "actual or threatened" or "particularized" injury component of Article III standing:

- "The PTSA members' interest in the welfare of their children is the ultimate interest underlying and justifying their motion for intervention in this case." Dkt. #68 at 2:10-11.
- "The legalization of handguns in the CNMI … creates new opportunities for homicides and suicides, deaths and injuries, threat and accidents." *Id.* at 2:14-016.
- "It forces parents and schools to develop new, often problematic, and ultimately inadequate responses to a previously nonexistent problem." *Id.* at 2:19-20.
- "If the Court's decision is allowed to remain in force…, the PTSA's ability to protect its interest in the 'welfare of children and youth in home, school and community' will thus be permanently impeded." *Id.* at 2:21-23.
- "This is a matter of substantial public concern, as to which the public interest favor[s] appellate review." *Id.* at 8:14-15.

While the PTSA apparently hopes to establish Article III standing by inaccurately comparing the possession of firearms by qualified, law-abiding persons to illegal drugs, sexual abuse, and domestic violence (Dkt. #68-1 at ¶6), the foregoing statements by the PTSA make clear that the PTSA seeks only to "vindicate … value preferences through the judicial process." *Sierra Club v. Morton*,

405 U.S. 727, 740 (1972) (overruled on other grounds). The PTSA's concerns, which are summed up by its professed need to protect the "welfare of children and youth in home, school and community," are "generalized grievance[s]," which "no matter how sincere, [are] insufficient to confer standing." *Hollingsworth*, 133 S. Ct. at 2662; *see, e.g.*, *Geiger v. Kitzhaber*, 2014 U.S.App.LEXIS 24837, at *4-5 (9th. Cir. Aug. 27, 2014) (holding that Oregon wedding service providers' objections to performing same-sex marriage ceremonies was insufficient to establish Article III standing on appeal). The PTSA's reasoning reveals that the PTSA has no "direct stake in the outcome" of this case, *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (quoting *Diamond*, 476 U.S. at 62), because the reasons the PTSA proffers in support of its bid for intervention are germane to every resident of the Commonwealth in light of the Court's March 28, 2016 ruling.

The cases cited by the PTSA in support of its motion to intervene are inapposite to this case, and are distinguishable from the relevant Article III jurisprudence. *See, e.g.*, *Alameda Newspapers, Inc. v. City of Oakland*, 95 F.3d 1406, 1411-12 (9th Cir. 1996) (newspaper guild found to have direct stake in case, and a particularized injury that could be redressed by a favorable court decision); *Yniguez v. Arizona*, 939 F.2d 727, 733) (9th Cir. 1990) (overruled on other grounds) (sponsors of ballot initiative had standing to intervene for appeal when ballot initiative was struck down as unconstitutional and government failed to appeal, because under Arizona law ballot initiative sponsors have rights and duties separate from general populace, and therefore have a heightened interest for Article

4

III purposes.  The Ninth Circuit also noted that "an interest strong enough to permit intervention with parties at the onset of an action under Rule 24(a) is not necessarily a sufficient basis for intervention after judgment for the purpose of pursuing an appeal which all parties have abandoned."  *Id.* at 731.); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 572-73 (7th Cir. 2009) (members of gasoline dealers' association seeking to intervene to appeal the enjoining of Wisconsin statute fixing gasoline prices had standing because statute was directly intended to protect the association's members).  The PTSA fits into none of the situations described above.  The above-referenced decisions underscore that Article III standing to intervene is completely absent in this case.

## CONCLUSION

For the reasons stated above, the PTSA has failed to show that it has Article III standing sufficient to support intervention for the purpose of appeal.  Accordingly, the Court should deny the PTSA's motion to intervene.

Dated: May 9, 2016
Respectfully submitted,

By: /s/ David G. Sigale
One of the Attorneys for Plaintiffs

| | |
|---|---|
| David G. Sigale, Esq. (#6238103 (IL)) | Daniel T. Guidotti, Esq. (#F0473 CNMI)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Marianas Pacific Law LLC |
| 799 Roosevelt Road, Suite 207 | 2nd Floor, J.E. Tenorio Building |
| Glen Ellyn, IL 60137 | Middle Road, Gualo Rai |
| Tel: 630.452.4547 | P.O. Box 506057 |
| Fax: 630.596.4445 | Saipan, MP 96950 |
| dsigale@sigalelaw.com | Tel: +1.670.233.0777 |
| Admitted *Pro hac vice* | Fax: +1.670.233.0776 |
| | dan.guidotti@mpac.law |

*Attorneys for Plaintiffs*

5

## CERTIFICATE OF ATTORNEY AND NOTICE OF ELECTRONIC FILING

The undersigned certifies that:

    1.    On May 9, 2016, the foregoing document was electronically filed with the District Court Clerk *via* CM/ECF filing system;

    2.    Pursuant to F.R.Civ.P. 5, the undersigned certifies that, to his best information and belief, there are no non-CM/ECF participants in this matter.


                                        By: /s/ David G. Sigale
                                                 One of the Attorneys for Plaintiffs

| | |
|---|---|
| David G. Sigale, Esq. (#6238103 (IL)) | Daniel T. Guidotti, Esq. (#F0473 CNMI)) |
| LAW FIRM OF DAVID G. SIGALE, P.C. | Marianas Pacific Law LLC |
| 799 Roosevelt Road, Suite 207 | 2nd Floor, J.E. Tenorio Building |
| Glen Ellyn, IL 60137 | Middle Road, Gualo Rai |
| Tel: 630.452.4547 | P.O. Box 506057 |
| Fax: 630.596.4445 | Saipan, MP 96950 |
| dsigale@sigalelaw.com | Tel: +1.670.233.0777 |
| Admitted *Pro hac vice* | Fax: +1.670.233.0776 |
| | dan.guidotti@mpac.law |

*Attorneys for Plaintiffs*