Case 1:14-cv-00020   Document 76   Filed 05/27/16   Page 1 of 7

FILED
Clerk
District Court

MAY 27 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| DAVID J. RADICH and LI-RONG RADICH,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT GUERRERO, in his official capacity as Commissioner of the Department of Public Safety of the Commonwealth of the Northern Mariana Islands, and LARISSA LARSON, in her official capacity as Secretary of the Department of Finance of the Commonwealth of the Northern Mariana Islands,<br><br>Defendants,<br><br>v.<br><br>TANAPAG MIDDLE SCHOOL PARENT TEACHER STUDENT ASSOCIATION<br><br>Intervenor. | Case 1:14-CV-00020<br><br><br><br>**DECISION AND ORDER DENYING MOTION TO INTERVENE** |

## I.   INTRODUCTION

Dissatisfied with Defendants' failure to appeal this Court's decision striking down a popular handgun ban, the movant seeks to intervene and appeal in Defendants' place. However, because the legislature has already replaced the unconstitutional statute with a new gun control law that adopts the Court's ruling, the lawsuit is moot and there is no longer any case or controversy to litigate. The motion to intervene will be denied.

## II. BACKGROUND

On March 28, 2016, this Court struck down several provisions of the Commonwealth of the Northern Mariana Islands ("CNMI" or "Commonwealth") Weapons Control Act as contrary to the Second and Fourteenth Amendments of the United States Constitution, as applied to the CNMI through the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of American ("Covenant"). (Decision & Order, ECF No. 60.) The Court agreed with Plaintiffs Li-Rong and David Radich that the Commonwealth's ban on handguns for self-defense in the home violated the Second and Fourteenth Amendments as described by the U.S. Supreme Court in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010). In relevant part, the Court enjoined Defendants James Deleon Guerrero[1] and Larissa Larson, sued in their official capacities as the Commissioner of the Department of Public Safety and the Secretary of the Department of Finance, respectively, from enforcing two provisions of the Weapons Control Act: (1) the ban on handguns and handgun ammunition codified in 6 CMC § 2222(e), and (2) the ban on importing handguns and handgun ammunition codified in 6 CMC §§ 2222(e) and 2301(a)(3). (Decision & Order 15–16.) The Clerk entered judgment on May 9, 2016. (ECF No. 69.)

After the Court's ruling, the Commonwealth political branches swiftly took action to revise the Weapons Control Act. On April 11, 2016, Governor Ralph DLG Torres signed the Special Act for Firearm Enforcement ("SAFE"), which in pertinent part repealed 6 CMC §§ 2222(e) and 2301(a)(3).

---

[1] At the time of the Court's March 28, 2016, Decision and Order, the Commissioner of the Department of Public Safety was James C. Deleon Guerrero. However, he has since been replaced in that capacity by Robert Guerrero, who is automatically substituted in his official capacity. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise leaves office while the action is pending. The officer's successor is automatically substituted as a party."). The caption reflects that change.

Pub. L. 19-42, SAFE § 3. SAFE replaced the handgun ban with several new regulations, but clarified that individuals could lawfully possess handguns in their homes and on their land. SAFE § 205(b).

On April 26, 2016, Tanapag Middle School Parent Teacher Student Association ("PTSA") filed a motion to intervene and an emergency motion to extend the deadline for filing a notice of appeal. (Mot. to Intervene, ECF No. 66; Mot. to Extend, ECF No. 67.) The following day, PTSA filed a memorandum in support of intervention. (ECF No. 68.) The Radiches filed an opposition brief on May 9, 2016 (ECF No. 70), and PTSA filed its reply on May 19, 2016 (ECF No. 74). The Court heard oral arguments on May 26, 2016 and then took the matter under advisement. Having considered the record and the arguments of counsel, the Court now denies the motion for the following reasons.

### III. DISCUSSION

PTSA seeks to intervene as a matter of right or with the Court's permission under Rule 24 of the Federal Rules of Civil Procedure for the purpose of appealing this Court's judgment. PTSA argues that it is interested in protecting its children from handgun-related violence, that the Court's ruling threatens that interest by introducing handguns to the CNMI that could be abused, and that the Commonwealth's apparent decision not to appeal the Court's ruling shows that the Government no longer represents PTSA's interests in this litigation. (Memo. 2.) The Radiches counter that PTSA lacks standing to appeal. (Opp'n 1–4.) PTSA responds that it has standing because the Court's judgment adversely affects its interests, and particularly argues that its injury is not generalized, but focused on the need of the school to take additional actions to safeguard students from gun crimes. (Reply 2–9.) The Court will deny PTSA's motion for three reasons: (1) PTSA cannot satisfy Rule 24's requirements for intervention as a matter of right; (2) PTSA lacks standing; and (3) the subject of this lawsuit, and the issue PTSA wishes to challenge, is moot and no longer forms a case or controversy subject to this Court's jurisdiction. PTSA cannot escape the legislature's new law, no matter its policy preference.

Intervention as a matter of right is governed by Rule 24(a), which requires a court to permit anyone to intervene who is either given that right by statute or "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). As PTSA correctly observes, intervention for purposes of appeal commonly occurs when an original losing party declines to appeal an order that impairs the interest of a third-party. *See United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392–94 (1977) (allowing a putative class member to intervene and appeal an order denying class certification that the named plaintiffs declined to appeal). However, a third-party only has an "interest" for purposes of Rule 24(a)(2) if it would directly benefit from a decision in its favor. *See Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 571 (7th Cir. 2009) (Posner, J.) (stating that Rule 24(a)(2) requires "more than the minimum Article III interest" and that "remoteness of injury is a standard ground for denying a person the rights of a party to a lawsuit"). Here, as counsel for PTSA admitted at oral argument, a reversal of this Court's judgment—essentially an appellate finding that the Second Amendment does not guarantee the right to bear a handgun for self-defense in one's home in the CNMI—would have no impact on the legality of handgun ownership in this jurisdiction. SAFE codifies a right to keep a handgun for self-defense in the home, and only the legislature—not this Court or the Ninth Circuit—could reinstate the ban PTSA so thoroughly desires. As a result, the Court finds that PTSA has no Rule 24 interest in appealing this Court's judgment. *See Flying J*, 578 F.3d at 571.

For similar reasons, PTSA lacks standing to intervene and appeal the Court's judgment. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2661 (2013). Justiciable cases or controversies are identified by the three elements of standing doctrine: (1) an injury in fact that is

concrete and particularized and actual or imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) a likelihood beyond mere speculation that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quotation marks and citations omitted). PTSA cannot satisfy any element of standing.

First, PTSA cannot do anything more than speculate about potential harms that may or may not come to pass as a result of handguns entering the CNMI, and therefore fails to demonstrate a particularized injury. *See Hollingsworth*, 133 S.Ct. at 2661 (standing requires "a personal and tangible harm"). PTSA's purpose of promoting the welfare of children and youth in home, school and community is not directly and imminently endangered by the recognition of an individual constitutional right to import and possess handguns in the CNMI. The PTSA's assertion—that permitting law-abiding citizens to bear handguns for self-defense in their homes will inevitably make the community more prone to gun violence—lacks specificity and imminence. *See Lujan*, 504 U.S. at 564 (the "actual or imminent" injury prong of standing requires more than just *someday* pronouncements).

Second, PTSA cannot show a causal connection between the supposed injury (assuming for the sake of argument that it exists) and this Court's judgment. At the appellate stage, a person seeking to intervene must show "injury caused by the judgment rather than injury caused by the underlying facts." *Tachiona v. United States*, 386 F.3d 205, 211 (2d Cir. 2004). To the extent that this Court's judgment caused or could have caused additional handguns to enter the CNMI, and again assuming that such additional guns would make the Commonwealth a more dangerous place to the detriment of PTSA, then the organization would have at least shown causality. Essentially, law-abiding citizens could have used this Court's judgment enjoining Defendants from enforcing the handgun ban to

acquire and possess the weapons. Again however, with the passage of SAFE, the Court's injunction no longer serves any purpose. The statutory provisions that the Court enjoined Defendants from enforcing have been replaced, and now those same law-abiding citizens may obtain their weapons by virtue of Public Law 19-42. If more guns is an injury, it is caused by the exercise by individuals of their Second Amendment constitutional rights, not the Court's judgment.

Third, and most obviously, PTSA cannot show a likelihood of redressability. As stated above, a Ninth Circuit reversal of this Court's holding that the Second Amendment applies to the Commonwealth would do nothing without legislative action. *See Lujan*, 504 U.S. at 568–69. At oral argument, counsel for PTSA opined that if the Court's judgment were reversed on appeal, then the legislature would reinstate the handgun ban. But when pressed about what relief PTSA would receive if counsel's prognostication proved wrong, the only response was that PTSA would seek to elect a legislature more in line with its values. The Court thinks it best to decline counsel's invitation to "usurp the powers of the political branches," and will instead confine itself to the contours of Article III. *Hollingsworth*, 133 S.Ct. at 2661 (quoting *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013)).

The final problem with PTSA's argument—really the central problem—is that the lawsuit into which it seeks to intervene was mooted by legislative action. *See Matter of Bunker Ltd. Partnership v. United States*, 820 F.2d 308, 311 (9th Cir. 1987) ("Where intervening legislation has settled a controversy involving only injunctive or declaratory relief, the controversy has become moot."); 13C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3533.6 (3d ed. 2016) (stating that if a "new enactment was specifically intended to resolve the questions raised by pending litigation, a court may find that the dispute is moot"). Here, SAFE provides the Radiches with complete relief to the claims in their complaint, and no one in this lawsuit suggests that the "challenged conduct

continues." *See Chemical Producers & Distributors Ass'n v. Helliker*, 463 F.3d 871, 875 (9th Cir. 2006) (noting that legislative action does not moot a claim where the government's challenged conduct continues). Because the provisions challenged in this lawsuit no longer exist, and the Radiches no longer have anything to enjoin, PTSA no longer has a case into which it can intervene.

### IV. CONCLUSION

When the Commonwealth legislature repealed the law at the heart of this lawsuit, it rendered moot the case or controversy subject to judicial decision, and essentially made the scope of CNMI gun control a political matter. Because there is no longer anything to appeal, PTSA's motion to intervene (ECF No. 66) is denied. PTSA's motion to extend time (ECF No. 67) is likewise denied.

SO ORDERED this 27th day of May, 2016.

_____
RAMONA V. MANGLONA
Chief Judge